Ruffin, C. J.
 

 The deed, which' the plaintiff executed, has not been exhibited by'either party, so that the court cannot declare how it operates, whether as a conveyance off the fee, or of an'estate for the life of the defendant. Supposing it to be the former, the court is of opinion, that the plaintiff would be entitled, without any further act on his part, to a decree for the balance of the purchase mohéy according to' the contract, and interest'from December 25th, 1836, subject to proper deductions for the repairs not made, and" fob the" waste committed, if any. As to the repairs, there is evi-
 
 dencb'j)rima facie
 
 to raise a claim for some deduction ; and as to waste, there is evidence sufficient to direct an enquiry.
 
 *466
 
 But in conducting that enquiry, it is proper the master should have the benefit of the Court’s instruction upon a point, which raised on the evidence. On the part of the defendant it seems to'be supposed, that he may claim a-deduction for all the sales of wood by the plaintiff during that year, without regard to the purpose for which it was cut. While the plaintiff insists, that he is not liable at all, because the wood sold by him was cut from his new-ground,- or land then cleared for cultivation. We think, the true rule is between them. A vendor cannot cut timber for sale,after the contract, unless the privilege be reserved. On the other hand, if a vendor is to retain possession of land, used for purposes of agriculture, for another year, it must be assumed, that he is to use the tract for cultivation, as a judicious owner would himself do, or would allow a tenant to do,- and, therefore, if, according to the state of the property, the proportion of wood and cleared land, and the course of crops or usages of agriculture in the particular part of the country, it would be prudent and proper to-clear the land from-which the wood was cut,-we should hold, that the wood cut in that way might be sold by the vendor. It may be for the benefit of the vendee to open the land and prepare it for cultivation, and, at any rate, it is one of the reasonable advantages reserved by the vendor in- retaining the use for a period, and the sale of the wood as a part of the fruit of his labor employed in a reasonable use of the land. It stands, we think, much upon the same ground with' the rule laid down respecting waste, as between a tenant for life and the remainder-man, in
 
 Shine
 
 v
 
 Wilcox,
 
 1 Dev. & Bat. Eq. 631. With those exceptions the plaintiff would be entitled to have the principal and interest due him computed, and an immediate decree therefor, provided he has conveyed in fee. For that position the reasons will be stated. A Court of Equity is always inclined to see, that a vendee gets a good title and will not compel him to accept one that is even doubtful, though protected by covenants from the vendor, unless he has agreed to take the title at his own risk, or by his conduct satisfies the court, that he intention
 
 *467
 
 ally renounces his right to the judgment of the court upon the title, and for some reason ot his own, chooses to take a conveyance without examination of the title. Of ,, course, an agreement, that thetme is at the risk of the purchaser, stands upon its own obligation, and needs no explanation. What may or shall amount-to such a renunciation or waiver requires, perhaps, some observations, in order that the opinion of the court may be perfectly comprehended.— Generally speaking, one would expect a purchaser, before he did any thing in execution of a contract, to satisfy'himself, in the first place, that the title he would get would 'be such as he had contracted for; and, therefore, when he takes steps under the contract, such as the payment of the price and entering into possession, a presumption arises either that he is satisfied as to the title, or with the covenants he is to get for it. Hence in a number of cases it has been held, that if a purchaser take and remain in possession a considerable time, after the abstract is delivered to him, making no objection to the title, he waives his right to an examination of the title, and, and, at the instance of the vendor, a specific performance will be decreed at once, without a reference as to the title.
 
 Fleetioood
 
 v Green, 15 Ves. 594.
 
 Margravine of Anspach
 
 v Noel, 1 Mad. 310. It is true, that this matter of waiver is not a conclusion of law from any particular incident, but it is a -conclusion of fact, deducible from all the acts of the parties, as evidence of-the intention of the purchaser in acting as he did. Hence, nothing can be inferred from taking possession, if it-be agreed, that it shall not be deemed a waiver of objections >to the -title. So possession taken, by the agreement, at the time of -entering into the contract of purchase, has been held to argue nothing on this point, because one cannot be supposed to give up defects of title, of which he had and would have no means of information, until he should get the abstract.
 
 Kirtland
 
 v Pounsett,
 
 2
 
 Taunt. 145.
 
 Stevens
 
 v
 
 Guffy,
 
 3 Russ.
 
 171.
 
 But in
 
 Burnett
 
 v
 
 Brown.
 
 1 Jac.
 
 &
 
 Walk. 168, a purchaser, after the delivery of the abstract, which disclosed a reserva tion of the right .of sporting, not before communicated to
 
 *468
 
 him, entered into possession and paid the greater part oí the purchase money, without objecting to the reservation, and he was considered as having waived the objection, though jie altemarc¡s took jt, and he was compelled to performance without a reference and without compensation, though the seller’s solicitor had, without authority, promised reasonable compensation, when the vendee made known his claim for it. The cases which have been stated arose upon articles, on bills for specific performance, and if in those cases it was decreed without deciding the purchaser’s objections to the title or even hearing them, much more is the court obliged to hold the defendant bound by his conduct in this case.— He did not enter into possession as soon as the bargain was made, and without the opportunity of making surveys and examinations of the title. He had more than a year to satisfy himself on those points, and then, without taking any step to ascertain, whether a good title could be made to any part of the land, or whether the boundaries of the seller’s conveyances would cover all the land shewn to him upon the treaty, he, at the time appointed, sought to be admitted, and was admitted into possession upon the payment of part of the purchase money, promising payment of the residue as soon as he could. He afterwards made further payments, in all, more than half of the purchase money, and has remained in the enjoyment of the estate ever since, and as far as he states, or as appears to the court, made no objection to the title or to the parcels, until they were stated in his answer in this canso. He made no application to the plaintiff to rescind the contract, or to allow a compensation in respect of any deficiency in the premises sold or represented to be sold. The case, thus viewed, ss fully within the adjudications cited. For, if from any acts could be deduced a waiver of objections, these afford a satisfactory ground of inference and conviction. But this case is much stronger than any of those cited ; in that, two months after possession taken, and after the defendant had actual and exact knowledge of every objection he has been able, since, to raise, he made his second payment, and took a deed, as in
 
 *469
 
 execution of the contract. Under such circumstances, wc must hold that every thing was waived, but such remedy as the covenants of the deed would give, or for such matters as
 
 , ' .
 
 would not be within the deed, namely, the repairs or waste.
 
 Clanton
 
 v
 
 Burgess, 2
 
 Dev. Eq. 13. But such waiver, as a fact, is not left merely to inference from other facts.
 

 The answer exphtly slates that the defendant did not rescind the contract on account of his own convenience, although he was aware of the objections, and knew, therefore, that he could not be compelled to go on. But he chose to do so, and accepted a conveyance for the land, as the plaintiff said he had sold it to him, and gives as his reason, besides the convenience
 
 ol
 
 having a residence, that the deed had the clause of release of the purchase money, of which he meant to pay no more, as he thought the sum he had paid an ample price. Such a declaration surely puts an end to all claim of the defendant to favor, or an inclination of a court of justice to relieve him from a full compliance with the contract on his part. The plain meaning of it is, that, because the plaintiff, as he coceived, had got a good bargain out of him, or, if he will, had taken some advantage of him, he, the defeudant, was justified in getting any advantage he could over the other party, whereby he would not merely be relieved from the contract, or be justly compensated for deficiencies as estimated by an impartial tribunal of the country, but .would get clear of the payment of a large part .of the purchase money, and at the same time hold the laud sold, or said by the other party to have been sold to him.' — ■ For the sake of overreaching the vendor in the point of the .purchase money, he made up his mind to take the deed, as it ■was, for the land as described in it, and for the title which .the seller could make, and he.canpot afterwards, when equity deprives him of the release, say he did not get a good title. The .plaintiff is not asking a decree lor specific performance. He alleges, that he has performed, .and the defendant cannot deny, that he gave the plaintiff reason to suppose, that he was satisfied with his performance. The .plaintiff .asks only, that a release .obtained from him by sur
 
 *470
 
 prise, expressing the payment ’Of money which never had been paid, should not conclude him, but that the defendant should pay him the money, thus expressed to have been pa¡^ The clefendaiut now admits 4he surprise, tiiat the money was not paid, and that he accepted the deed for the sake of the release, and thereby got the land conveyed without paying the money he contracted to pay, and when the other thought him still bound for it. It would seem, that, in such a case, the only decree should be to declare the release to have been obtained by surprise, and that, notwithstanding the same, the money should be paid. The title cannot be gone into, for, having accepted it, however unworthily the motive, the defendant cannot retract his acceptance and now raise objections, in which he before acquiesced.. We have, therefore, not thought it necessary to look into the evidence upon the question of boundary, or of the representations made by the plaintiff at the time of the contract. We are satisfied, that all parties understood the Virginia line tobe the northern boundary of the land, but we think it far from clear that .the plaintiff represented that line to run at any particular place, or if he had so represented it, that it would not in fact include the spiiug spoken of and the land to the north of the house. But, in considering the equity of the plaintiff’s case, we assume that the allegations of the answer as to the title are true, and hold, that, nevertheless, the defendant canot in this way take advantage of defects, that, with a perfect knowledge of them, and with a view to his advantage therein, he once, with his eyes open, waived. — . This case has been thus far treated, as if the deed were for the fee. It is said in the answer, to be only for life, and it may be so, though we can perceive no reason, why the defendant has hot shewn it to us, that it might be seen what it is. But should the answer give its true character, it would not affect, the plaintiff’s .right to a decree for the residue of the purchase money, but -would only call for a decree that he should first execute another deed for the land, as described in the deed already executed, in fee simple, to be approved by the Master. Wc presume, that deed calls for Ihe.State
 
 *471
 
 line as the northern boundary, or, at all events, that it sets out the boundaries correctly and'satisfactorily to the defendant, since he accepted it, and the objection in the answer is ’ , , , , . ........ , not, that the boundaries are not therein described as they were represented, but that they do not cover all the land it was represented they did. Therefore, the only defect in the deed is the mistake in the estate, which was a mere mistake of both parties. But as evidence of the defendant’s waiver of objections to the title, a deed of the one kind is as strong as the other would be, taking the one made to have been so made by mistake, which the ahswer does not question.. — . Still the plaintiff ought to be required to make another deed? such as he admits he was bound to execute, and says he had executed, in the same manner as he would be required to do, if this were a bill for specific performance, and-it were decreed without a referencias to the title.
 

 Therefore, if the defendant chooses, he may have a reference to the Master to enquire, whether the deed made to him does convey the fee simple, and, if not, to enquire and settle a proper one for that purpose for the same land. And there-must be a reference to state the sum due the plaintiff in the-premises, and what deductions are to be made therefrom, if any, by way of compensation for the repairs not made by the plaintiff, according to the contract, and for waste in the improper cutting-of timber or wood, and selling the same from the land by the plaintiff- after the sale by him.
 

 Per'Curiam; Decreed accordingly;