### BERRY v CLEVELAND TRUST CO

Ohio Appeals, 9th Dist, Lorain Co

No 747. Decided Dec 6, 1935

Hamilton, Kramer & Wiles, Columbus, for plaintiff in error.

Fauver & Fauver, Elyria, for defendant in error.

**OPINION**

By FUNK, PJ.

Was this ruling of the court erroneous and prejudicial to the defendant?

First. It will be noted that plaintiff is in the position of a third person seeking to take advantage of a claimed benefit accruing to it by reason of an alleged agreement between said Berry and said Properties Co., and as said company was not only not a party in the trial court but was not a necessary party, said Berry was unable to ask for a reformation of said deed in said action.

Second. An examination of said two letters, which apparently constituted the contract between said Properties Co. and said Berry for the deed to Berry for the real estate described therein and in said mortgage, shows that said first letter was dated August 18, 1926; that the second letter was dated September 9, 1926, and that said Berry, in writing, by his said agent, ·Knight, accepted said proposition on September 9, 1926; that said first letter was silent on the matter of said Berry assuming and agreeing to pay said mortgage, but that, as to taxes, it contained, in the first paragraph on page 2, the provision that "The taxes are due and payable December 20, 1926, and are to be assumed by Paul Berry"; and that said second letter which is marked "defendant's exhibit 5A," read as follows: "Referring to our letter of August 18, 1926, page two, first paragraph, in regard to the taxes mentioned, we hereby agree to pay any and all taxes due and payable in June, 1926"—which latter letter seems to clarify, rather than modify, what was said in the first letter about taxes, but which says nothing whatsoever about the payment of the mortgage.

It is thus apparent that the language in the deed is in complete harmony with the contract as set forth in said letters, except that, as to said mortgage, the deed adds the words "which the grantee herein assumes and agrees to pay," which provision, as applying to said mortgage, was not mentioned in either of said letters.

It is definitely settled in Ohio that a written agreement between the grantor and the grantee for the conveyance of real estate is not executed by and merged in the deed as to the stipulations to be performed by the grantee; that, while the agreement to convey is performed by the execution and delivery of the deed conveying whatever was, by the terms of the contract, to be conveyed, it does not execute any of the stipulations of the grantee as to the consideration to be paid for the property; and that the agreement as to other matters than mere conveyance is not thus performed or satisfied. The deed is to be considered as a part of the transaction, in connection with, and not to the exclusion of, the contract between them; that is, both the deed and the contract are parts of one transaction, and the rights of the parties must be determined by the terms of the whole contract.

67 Oh St 455, Conklin, Tr. v Hancock.

45 Oh St 368, Brumbaugh v Chapman.

27 Oh St 285, Reid v Sycks et.

16 Abs 487, Metcalf v Lay et.

Third. There is also a well-established rule that seems to be fundamental under our Code, to the effect that a defendant, under a denial, should be permitted to prove such facts as go directly to disprove the facts denied, which, although apparently new matter, instead of confessing and avoiding, tend to disprove the facts alleged in the petition; the result being that the plaintiff is prevented from sustaining his claim because of certain other facts which are inconsistent with them. In other words, any affirmative fact that is inconsistent with the facts alleged may be proved under a denial, because the proof of one is the disproof of the other.

On the other hand, evidence of facts which are not inconsistent with the facts alleged in the petition, and do not tend to defeat such facts, but which, when considered in connection with the facts alleged in the petition, show that the plaintiff has not the right that arises from the facts alleged in the petition, is incompetent under a denial; it being necessary, in order to make the evidence of such facts admissible, to specifically allege such facts in the answer.

In other words, facts that are consistent with the facts alleged, but show nonliability notwithstanding the facts as alleged, constitute new matter; and such facts must be pleaded in order to make the proffered proof of them competent and admissible in evidence.

Phillips Principles of Code Pleading, §380.

Bliss on Code Pleading, §327.

Pomeroy's Code Remedies (5th ed.), §549.

Under the above-mentioned rules, we hold that defendant's exhibits 5 and 5A were competent evidence, under his general denial, upon the issue as to what the real contract between said Berry and said Properties Co. was, although said exhibits are not necessarily conclusive as between the parties to this action.

Had said exhibits 5 and 5A been admitted, it would then have been the duty of the trial court to have submitted the case to the jury, and of course the error in rejecting them was prejudicial to defendant, as he was thereby deprived of having the jury pass upon the issues in the case between him and the plaintiff.

As to defendant's other exhibits, consisting of the minutes of several meetings of the board of directors of said Properties Co., which minutes relate to said transaction; a certified copy of the resolutions authorizing its president and secretary to sign such papers as are necessary to complete the deal; and several letters pertaining to the stock said Berry transferred to said Properties Co. in payment for said real estate—all of which were refused to be admitted in evidence:,

It will be first noted that, as said Properties Co. is a private corporation, said certified copies of resolutions passed by its board of directors, marked defendant's exhibits 1 and 8, were not competent evidence. We are also of the opinion that the letters marked defendant's exhibits 6 and 7, pertaining to the stock of the corporation which Berry was assigning to said Properties Co. for said real estate, were not competent evidence in this case.

It will be further noted that this is not an action between said Berry and said Properties Co., and as there is no claim of any discrepancy between said minutes of the board of directors of said Properties Co. and said two letters, and as there was no issue as to the authority of the president and the secretary of said company to sign said two letters and execute and deliver said deed to said Berry, and no evidence tending to question such authority, we are of the opinion that the minutes of said Properties Co., marked defendant's exhibits 2, 3 and 4, are not competent under the facts and circumstances shown by the record herein.

No question is made as to the foreclosure of the mortgage and sale of the premises, and as to such procedings the judgment is affirmed; but for error in refusing to admit in evidence defendant's exhibits 5 and 5A, and directing a verdict for plaintiff at the close of all the evidence, that part of the judgment relating to the personal liability of the defendant Berry is reversed, and the cause is remanded to the Common Pleas Court for further proceedings according to law.

In the companion case of W. E. Knight v The Cleveland Trust Co., etc., No. 748, we have examined all of the claims of error, and find no error therein prejudicial to said plaintiff in error. The judgment and decree as to said W. E. Knight is therefore affirmed.

STEVENS and WASHBURN, JJ, concur in judgment.