RAPP, APPELLEE, *v.* MURRAY ET AL., APPELLANTS.

(No. 1128—Decided April 11, 1960.)

*Mr. Andrew W. Cherney*, for appellee.

*Mr. Hugh G. Holbrock* and *Mr. Norman G. Grevey*, for appellant Lindsay C. Murray.

*Mr. James Black*, for appellant C. Melvin Sirk.

MATTHEWS, P. J. This is an action against a vendor of real estate upon which a dwelling house was in process of construction at the time and the salesman and broker, through whom a sale had been made by the vendor to the plaintiff, to recover damages resulting from defects in the dwelling house.

The plaintiff alleged in his petition ''that prior to the time that said plaintiff signed said offer to purchase he was presented plans and specifications for the home situated on the above-described property by Bud Inloes for and on behalf of the defendant C. Melvin Sirk and the defendant, Lindsay C. Murray, Jr.; that said plans and specifications called for four inches of concrete upon the basement floor, and it was represented by defendants to said plaintiff that said basement floor did contain four inches of concrete. That shortly after he purchased said home for the sum of $22,200 cracks appeared on said basement floor and water started to come up through said cracks and settle upon the basement floor; that said cracks continued to appear and thereupon said plaintiff had said concrete flooring torn up and it was then discovered that said basement floor did

not contain four inches of concrete flooring and it was discovered that said basement floor contained one inch to one and one-half and two inches of concrete and it was through these parts of the basement floor that said cracks appeared and said water settled upon the basement floor.''

It was alleged that the defendants were promptly notified but failed to correct the condition, and as a result the plaintiff was damaged, for which this action was filed in the Municipal Court of Hamilton.

In the course of the proceeding, Inloes and Sirk were dismissed and can be treated as though they had never been made parties to this action.

The defendant Murray answered admitting that he constructed the dwelling house. He also admitted that the plaintiff signed the offer and then denied all the other allegations.

The sufficiency of the petition was not challenged, either by motion or demurrer.

The case came on for trial to the court without a jury. The court found for the plaintiff and rendered judgment for him for $1,100. On appeal to the Common Pleas Court, the judgment was affirmed. That judgment of affirmance is now under review on appeal to this court.

We learn from the opinion of the Judge of the Common Pleas Court attached to appellant's brief, that the principal question discussed was whether this action was in tort or on contract, and, if the latter, whether it survived the acceptance of the deed conveying the premises to plaintiff. The petition does not indicate clearly any theory or form of action—and under our Code of Civil Procedure none is necessary.

In *Pumphrey* v. *Quillen*, 165 Ohio St., 343, it was held that, where a representation is made as of one's own knowledge, it is not necessary to allege that he knew the representation to be false. So the absence of such an allegation in this petition does not render it defective as an action in tort. But there is no express allegation that the plaintiff relied on it although it is apparent from the other allegations that he did rely upon it. Whether the petition can be said to state an action in tort, we do not decide, because we think the Court of Common Pleas was correct in its conclusion that the petition states an action

on the theory of contract, and that that conclusion is sufficient to sustain the judgment.

The defendant, appellant herein, is said in the trial court's opinion to have relied on *Rappich* v. *Altermatt*, 106 Ohio App., 282. That case is easily distinguished from the case at bar. That action was to recover damages on account of defects in a house that was completed in all respects at the time of the sale of the real estate of which it formed a part. There was no allegation of any representation or fraud. The question was whether under such circumstances there was any implied warranty or promise as to the condition of the building. And the court held there was none—which manifestly there was not.

The Common Pleas Court correctly considered the case of *Triplett* v. *Ostroski*, 103 Ohio App., 290, as an authority for the proposition that the acceptance of a deed to the land upon which a building was in process of construction was not, ipso facto, a bar to an action for breach of the terms of the contract to build.

Of course, where a contract to convey title to real estate is made there is no implied warranty of *title*, and where a deed is accepted by the purchaser, the warranties of title are limited to those contained in the deed. An owner of land may quitclaim his title, in which case there is no implied warranty of title. And in the absence of an agreement on the subject, or of fraudulent misrepresentation, the vendee takes the property as it is, no matter what its condition may be found to be.

But where an agreement is made on the subject, or fraud is practiced, either or both, by the vendor, his obligation to respond is the same as though no transfer of title to real estate were involved. In 55 American Jurisprudence, 798, Section 373, it is said: ''The rule that the provisions of an executory contract for the sale of land are merged in the deed executed pursuant to that contract is subject to exceptions and limitations in favor of collateral stipulations incorporated in the contract but not in the deed.''

In *Bull* v. *Willard*, 9 Bar. (N. Y.), 641, a case frequently cited, it is said in the syllabus that: ''Contracts for the sale of land are, in their nature, executory; and generally, the acceptance of a deed, in pursuance of a contract, is *prima facie* an

execution thereof, and the rights and remedies of the parties are to be determined by the deed, and the agreement thenceforth becomes void, and of no further effect. But parties may enter into covenants collateral to the deed; and cases may arise in which the deed would be regarded as only a part execution of the contract, where the provisions of the two instruments clearly manifest such to have been the intention of the parties."

A case similar on its facts is the case of *Meyer* v. *Woodward Brown Realty Co.*, 209 App. Div., 548, 205 N. Y. Supp., 114, decided by the Appellate Division of the Supreme Court of New York in 1924. That court said in the syllabus that "The acceptance of a deed and the occupancy of the house did not amount to a waiver of the breach of the building barring the purchaser from the right to recover damages therefor."

In 92 Corpus Juris Secundum, 613, Section 573, we find this statement in bold type: "Generally, a purchaser may maintain an action for damages for any act done by the vendor which disables him from performing the contract on his part, including a breach by the vendor of collateral undertakings accompanying the sale * * *." And at page 614 it is said that, "Such action may be maintained not only for a breach of the contract to convey, but also for a breach by the vendor of collateral undertakings accompanying the sale, which are not merged in the conveyance, such as an agreement to construct streets * * * to construct or complete buildings * * *."

The true rule seems to be that where a contract provides for the transfer of the title to real estate, and nothing else, the deed conveying the title is in fact full performance and is accepted as full performance of the contract. In such a case the contract can properly be said to be merged in the deed.

But where a contract contains many provisions relating to more than one subject, one of which provides for the transfer of title to real estate, the transfer of title to the real estate is only part performance of the obligations. There are other obligations and the transfer of the real estate can in no sense be said to be performance of all the obligations or to have been intended as actual or substituted performance.

In *Snyder* v. *Roberts*, 45 Wash. (2d), 865, 278 P. (2d), 348, 52 A. L. R. (2d), 631, at page 872, the state of the law on this subject is summarized as follows:

"There are many exceptions to the doctrine of merger, but for the most part they are applied in cases where either the grantor or the grantee is attempting to enforce against the other, stipulations in the contract which are not contained in, not performed by, and not inconsistent with the deed and which are held to be collateral to or independent of the obligation to convey. The following, from *Morris* v. *Whitcher*, 20 N. Y., 41, 47 (1859), is widely quoted:

" 'In all cases then, where there are stipulations in a preliminary contract for the sale of land, of which the conveyance itself is not a performance, the true question must be whether the parties have intentionally surrendered those stipulations. The evidence of that intention may exist in or out of the deed. *If plainly expressed in the very terms of the deed, the evidence will be decisive.* If not so expressed, the question is open to other evidence, and I think in the absence of all proof there is no presumption that either party, in giving or accepting a conveyance, intends to give up the benefit of covenants of which the conveyance is not a performance or satisfaction.' (Italics ours.)"

See, also, 55 American Jurisprudence, 757, Section 328.

It is said that to permit the introduction of oral evidence relating to the plans and specifications violates the parol evidence rule, in that there was a contract for the construction of the house. We fail to find attached to the bill of exceptions or among the original papers any written contract (it certainly is no part of the bill of exceptions), and the parol evidence rule is inapplicable.

We find no prejudicial error in the record.

The judgment of the Court of Common Pleas of Butler County is affirmed.

*Judgment affirmed.*

Long and O'Connell, JJ., concur.