**Raymond HATFIELD, Jr. et al., Plaintiffs,**

v.

**David LUGENBILL et al., Defendants.**

**No. C–3–79–381.**

United States District Court,
S. D. Ohio, W. D.

April 20, 1981.

David L. Phipps, Dayton, Ohio, for plaintiffs.

Philip L. Pleska, Lebanon, Ohio, for defendants.

Edward A. Forshaw, Middletown, Ohio, for third party defendants.

## DECISION AND ENTRY OVERRULING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

RICE, District Judge.

### I. Introduction

This matter is before the Court pursuant to Defendants David and Kathy Lugenbill's (hereinafter Defendants) Motion for Summary Judgment under Fed.R. of Civ.Pro. 56. Briefly, the procedural history of this case indicates that Plaintiffs Raymond and Beverly Hatfield (Plaintiffs) instituted the within action against Defendants for breach of contract and for fraudulent representations made in connection with the repair of a swimming pool located on property sold by Defendants to Plaintiffs. Defendants have filed an answer denying these allegations, and additionally, have submitted a

Third Party Complaint against G&G Swimming Pool Company (G&G), for improper repair of the swimming pool in question. As a further matter, Defendants have filed a First Amended Third Party Complaint, in which they maintain that G&G has committed slander by stating to others that Defendants have been guilty of fraud. G&G has filed answers on January 14, 1981, and on April 2, 1981, denying all allegations made by Defendants.

On March 13, 1981, Defendants filed their Motion for Summary Judgment, in which they contended that Plaintiffs are barred from recovery under the doctrines of merger and caveat emptor, and because no express warranty was furnished to Plaintiffs. Defendants also maintained that they are not liable under a theory of fraud because the obviousness of the defect and Plaintiffs' inspection of the pool prevented Plaintiffs from justifiably relying upon any representations made by Defendants. Conversely, Plaintiffs have claimed in their opposing Memorandum that they may recover under exceptions to the above doctrines, and further, that since the defect in the swimming pool was latent, they were justified in relying upon Defendants' assurances that the pool was ready for use.

The oral hearing scheduled for April 3, 1981, was waived by all parties, and the matter was submitted upon the Memoranda filed by Plaintiffs and Defendants. On April 10, 1981, this cause came before the Court for a Final Pretrial Conference, at which time the Court indicated to the parties that the Motion for Summary Judgment would be overruled, and that a decision would be forthcoming shortly.

Before the Court addresses the issues raised herein, a short recitation of the standards applicable to Defendants' Motion would be in order. Fed.R. of Civ.Pro. 56(e) provides, with respect to summary judgment, that:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to a judgment as a motion of law.

The rule is well established that in determining whether summary judgment is appropriate, "the pleadings are to be liberally construed in favor of the party opposing the motion," . . . and "the court is required to take the view most favorable to the party opposing the motion, giving that party the benefit of all favorable inferences that may be drawn from the evidence." *McHenry v. Ford Motor Co.*, 269 F.2d 18, 22 (6th Cir. 1959) (citations omitted). With these factors in mind, the Court now turns to consideration of those questions presented by Defendants.

## II. Plaintiffs' Claims for Breach of Contract

### A. Merger Doctrine

As previously indicated, Defendants have contended that under the merger doctrine, Plaintiffs' acceptance of the deed to Defendants' property constituted a merger of all stipulations contained in the contract of sale between the parties, and, as a result, Plaintiffs are barred from any recovery for breach of contract. In *Rapp v. Murray*, 112 Ohio App. 344, 171 N.E.2d 374 (1960), the Court indicated, with respect to the doctrine of merger, that:

> The true rule seems to be that where a contract provides for the transfer of title to real estate, *and nothing else*, the deed conveying the title is in fact full performance, and is accepted as full performance of the contract. In such a case, the contract can properly be said to be merged in the deed.

*Id.* at 348, 171 N.E.2d 374. (Emphasis added). The Court then indicated that where other provisions were contained in the contract, the transfer of the title would constitute only partial performance of the obligations. *Id.* at 348, 171 N.E.2d 374.

An examination of the Purchase and Sale Contract attached to Plaintiffs' complaint indicates that in addition to the transfer of title to the real estate, the sellers were obligated, *inter alia*, to have the

"pool cleaned and ready for use." As this latter obligation could not be performed by a mere transfer of title, the doctrine of merger does not operate to bar Plaintiffs' claims. Furthermore, the evidence thus far presented to the Court indicates that although the pool was apparently ready for use on the day of closing, serious defects began to appear within five days. (Hatfield deposition, p. 16). Consequently, questions of material fact exist in regard to whether Defendants fully performed their obligations under the Purchase and Sale Contract.

### B. Caveat Emptor

Defendants have also maintained that because the defect in the swimming pool was obvious, and Plaintiffs were given an opportunity to inspect the pool, the doctrine of caveat emptor would prevent recovery by Plaintiffs. In Traverse v. Long, 165 Ohio St. 249, 135 N.E.2d 256 (1956), the Court stated that:

> The principle of caveat emptor applies to sales of real estate relative to conditions open to observation. Where those conditions are discoverable and the purchaser has the opportunity for investigation and determination without concealment or hindrance by the vendor, the purchaser has no just cause for complaint even though there are misstatements and misrepresentations by the vendor not so reprehensible in nature as to constitute fraud.

Id. at 252, 135 N.E.2d 256. Further, the Court in Miles v. McSwegin, 58 Ohio St.2d 97, 388 N.E.2d 1367 (1979) (Miles), stated with respect to latent defects, that "it is generally not the time that parties become aware of a defect which determines its latent quality; such determinations are usually based upon the nature of the defect and the ability of the parties to determine through reasonable inspection that it exists." Id. at 1370 (citations omitted).

The portions of the transcript submitted by Defendants indicate that, two days after the signing of the contract, Plaintiffs discovered that repair work was being done on the pool. During the repair process, and after repairs had apparently been completed, Raymond Hatfield inspected the pool. The pool was also inspected prior to closing, at which time it appeared to be repaired. However, within five days after closing, Hatfield observed that the "sides were caving in on the pool." (Hatfield deposition, p. 16).

■ The above facts indicate that issues of material fact exist with regard to the latency of the defect in the pool and with respect to the Plaintiffs' ability to discover the defect upon reasonable inspection. Although Plaintiffs could not have helped but be aware that a problem existed with the pool, their latest inspection before closing indicated that the defect had been remedied. Thus, at that point, the defect may well have been latent, and the doctrine of caveat emptor would not operate to bar Plaintiffs from recovery for breach of contract.

### C. Express Warranty

Both Plaintiffs and Defendants have agreed that no implied warranty can exist with respect to the sale of land, but disagree as to the existence of an express warranty with regard to the swimming pool. Defendants have claimed that no express warranty was given, but admit that they did represent that the pool would be cleaned and ready for use. As this latter obligation was completed by the time of closing, the Defendants claim that all contractual obligations were thus fulfilled. To these contentions, Plaintiffs have replied that the language of the contract created an express warranty of "usability" which was interpreted by Plaintiffs as an agreement that the pool would be in working order. Moreover, Plaintiffs have pointed out that the construction of the contract terms urged by Defendants is untenable, as it would be unrealistic to assume that only a short term use of the pool was desired.

■ At this point, the Court declines to determine whether the contract language constituted an express warranty of "usability," or was merely an express contract pro-

vision, for in either case, issues of material fact exist, both in respect to the intended meaning of the contractual term "ready for use," and in connection with the determination of whether the repairs performed on the pool complied with the requirements of the contract. Therefore, Plaintiffs are not precluded from recovery either on the basis of express warranty or for breach of contract. Based on the foregoing analysis, the Court finds that Defendants' arguments for Summary Judgment are not well taken, due to the existence of issues of material fact with respect to breach of contract claims raised by Plaintiffs.

## III. Plaintiffs Fraud Claims

 Defendants have asserted, in regard to their request for judgment on Count Two, that Plaintiffs' fraud claims should be barred as a matter of law because the obvious nature of the defect in the swimming pool would have prevented Plaintiffs from justifiably relying upon any representations made by Defendants. The Court has already indicated that questions of material fact exist with respect to the latency of the defect in the swimming pool, so Defendants' Motion must fail on this ground alone. In addition, the case cited by Defendants, *Miles, supra*, 58 Ohio St.2d 97, 388 N.E.2d 1367 (1979), also states that:

> It is well established that an action for fraud and deceit is maintainable not only as a result of affirmative misrepresentations, but also for negative ones, such as the failure of a party to a transaction to fully disclose facts of a material nature where there exists a duty to speak.

*Id.* at 1369. (citations omitted.)

Without even construing the pleadings in the liberal fashion required in ruling upon motions for summary judgment, *McHenry, supra*, 269 F.2d 18, 22 (6th Cir. 1959), it is apparent that Plaintiffs have presented an allegation that Defendants were aware of the defect but failed to disclose that it had not been repaired. As nothing submitted by Defendants counters this claim, issues of material fact remain in regard to the Defendants' knowledge of the defect in the

swimming pool, and their duty, if any, to inform Plaintiffs fully about the true nature of the repairs required. Accordingly, as questions of material fact are present concerning Plaintiffs' fraud claims, Defendants' Motion for Summary Judgment on Count Two must also be denied.

## IV. Conclusion

Based on the preceding analysis, the Court finds that issues of material fact remain with regard to Plaintiffs' claims for breach of contract and fraud. Defendants' Motion for Summary Judgment is therefore found to be not well taken and is accordingly denied.