**WEST et al.**

v.

**P.D.G. DEVELOPMENT, INC.**

Akron Municipal Court.

No. 94CVF5314.

Decided Nov. 17, 1994.

---

1. Reporter's Note: Subsequent to this order, defendant died.

*Russell M. Pry,* for plaintiffs.

*John A. Fiocca, Jr.,* and *Michael A. Kearns,* for defendant.

---

ELINORE MARSH STORMER, Judge.

This case came before the court on defendant's motion for summary judgment. The court finds that defendant P.D.G. Development, Inc. is not entitled to judgment as a matter of law because a genuine issue of material fact exists and reasonable minds could differ as to the outcome.

The parties do not dispute the facts of the underlying transaction. On August 12, 1991, plaintiffs Billie Jean West et al. agreed to purchase certain real

property, known as Sublot 76, and signed a purchase agreement. Pursuant to the agreement, plaintiffs paid a $5,000 deposit to defendant P.D.G. The contract further provided that the balance of $17,900 would be paid "[a]s soon as the water line is in on Curtis and the water line, sewer and base coat of Kavanaugh are in."

During construction, one of defendant's subcontractors removed trees from Sublot 76. Plaintiffs notified defendant that they disapproved the removal of the trees and sent a police report of the incident with an estimate of damages. On June 16, 1993, personal counsel for P.D.G. wrote a letter explaining the removal of the trees and giving plaintiffs the option of going forward with the purchase or rescinding the agreement. On August 10, 1993, plaintiffs paid the remaining balance of $17,900 pursuant to the terms of the contract and received from P.D.G. a warranty deed of the property. According to the evidence before the court, plaintiffs did not otherwise specifically address the June 16 letter.

The original purchase agreement provided that plaintiffs were to receive the real property along with "all appurtenant rights, privileges and easements thereunto belonging." Plaintiffs brought an action against defendant for breach of contract in failing to provide all appurtenant rights, claiming damages for the tree removal.

Defendant first argues that the delivery and acceptance of a deed to real property merges the purchase agreement with the deed, thereby obviating a cause of action upon the original agreement. Plaintiffs respond that the exception set forth in *Rapp v. Murray* (Butler App.1960), 112 Ohio App. 344, 16 O.O.2d 274, 171 N.E.2d 374, applies in this case to preclude the merger. Although the original purchase agreement contained numerous provisions to be performed by each party, the overall agreement was limited to the transfer of title by delivery of the deed. Therefore, according to Ohio law, the contract does merge with the deed upon transfer of title, and an action cannot be commenced upon the original agreement. *Berry v. Cleveland Trust Co.* (Lorain App.1935), 53 Ohio App. 425, 21 Ohio Law Abs. 144, 7 O.O. 278, 5 N.E.2d 702.

However, after making a real estate contract, the vendor has no right to commit waste on property in which the purchaser has equitable title. *Crawley v. Timberlake* (1843) 37 N.C. 460. If he does so or permits it to be done, he is liable to the purchaser for the diminution in value of the land or in some circumstances for the value of the trees cut down. 4 Restatement of the Law 2d, Torts (1979), Section 929. The vendor is liable to the purchaser even though the purchaser has accepted the deed. *Cessna v. Breen* (Ohio 1889), 22 W.L.B. 278. In *Cessna v. Breen*, the vendor removed trees from property after a purchase agreement was signed and before the deed was transferred to the purchasers. In *Cessna*, the Supreme Court of Ohio established that acceptance of a deed does not prohibit an action for waste after the deed has been accepted. Once the waste has occurred,

the defendant is immediately liable to the plaintiff. Thus, the action is separate from the transfer of title.

Defendant next argues that plaintiffs' election to forgo rescission and accept performance on the part of defendant P.D.G. under the terms of the contract constituted a waiver of any alleged defective performance on the part of P.D.G. However, a valid waiver requires the intentional relinquishment of a known right. *Parente v. Day* (1968), 16 Ohio App.2d 35, 45 O.O.2d 104, 241 N.E.2d 280. In order to establish a waiver, it must be shown that the person against whom the waiver is asserted intended to relinquish the rights. *Karl Kiefer Mach. Co. v. Henry Niemes, Inc.* (1948), 82 Ohio App. 310, 38 O.O. 20, 80 N.E.2d 183. Further, when a waiver is based upon an agreement, it must be supported by consideration. *Marfield v. Cincinnati, D. & T. Traction Co.* (1924), 111 Ohio St. 139, 144 N.E. 689.

In this case, there is no evidence that plaintiffs intended to waive the right to bring an action for damages. Defendant sent plaintiffs a letter offering the choice of either going forward with the agreement without the trees or rescinding the contract. The fact that plaintiffs proceeded is not evidence that they intended to waive any rights; it simply suggests that they intended to continue with the contract. Plaintiffs maintained the *status quo* and received no additional benefit for continuing the contract. While they might have chosen to bring an action earlier, plaintiffs were not required to do so to preserve their rights. Therefore, the court finds that plaintiffs did not waive their right to bring an action for damage done to the property and are not estopped from doing so.

Finally, defendant argues that it did not damage the property because in order to install the sewer lines, as required by the contract, defendant's subcontractor was required to remove the trees at issue. Although this is not set forth in Mr. Kosich's affidavit, defendant supports this contention through the submission of a letter dated June 16, 1993, stating:

"The subcontractor found it necessary to remove the trees. * * * I believe the trees may have been in the right-of-way in which case the developer and/or the subcontractor had the authority to remove the trees for installation of the sewer line and lateral."

Plaintiffs have submitted evidence denying these facts in an affidavit of Billie Jean West, which states: "[T]rees were not in the right-of-way and/or utility easement, but were, in fact, on the property Affiant was purchasing * * * [and] the trees were obviously outside of any area to be cleared by Defendant."

Therefore, plaintiffs have established a genuine issue of material fact and, construing the facts in favor of plaintiffs, reasonable minds could conclude that defendant P.D.G. damaged the plaintiffs' property after they had acquired

equitable title. The court therefore finds that defendant is not entitled to judgment as a matter of law and denies defendant's motion for summary judgment. The issue remaining for trial is whether or not removal of the trees, in fact, constitutes waste or whether the removal was required to complete the construction project.

*So ordered.*