This appeal arises from the Columbiana County Common Pleas Court's decision wherein the vendor of a parcel of property was granted a Motion to Dismiss upon allegations of waste and fraudulent concealment. For the following reasons, the decision of the trial court is reversed and the cause is remanded.
 I. FACTS
On September 8, 1995, appellee, Carolyn J. Malone, conveyed a tract of property located at 20457 West Terrace, Route 2, in Wellsville, Ohio, to appellant, Gary M. Malone. Appellant took possession of the property on November 9, 1995.
On April 20, 1998, appellant filed a complaint against appellee sounding in fraudulent misrepresentation and waste. Appellant alleged that appellee had made material misrepresentations of fact regarding various defects in and about the home and that appellee had allowed the real estate to suffer waste between the time of the execution of the contract and the time in which appellant took possession of the home.
On May 14, 1998, appellee filed a pro se motion to dismiss the complaint. Appellee argued that each of appellant's claims were barred by the applicable statute of limitations. On May 29, 1998, appellant filed a motion in opposition to the motion to dismiss. On June 2, 1998, the trial court sustained appellee's motion to dismiss. Appellant filed a timely notice of appeal on June 25, 1998. Appellee has not filed a brief in this matter.
 II. STANDARD OF REVIEW
When reviewing a judgment granting a Civ.R. 12(B)(6) motion for relief from judgment, an appellate court must independently review the complaint to determine if dismissal was appropriate. Decisions on Civ.R. 12(B)(6) motions are not findings of fact, but are rather conclusions of law. State ex rel. Drake v. AthensCty. Bd. of Elections(1988), 39 Ohio St.3d 40, 41. The appellate court need not defer to the trial court's decision in Civ.R. 12(B)(6) cases. Id.
 III. ASSIGNMENTS OF ERROR NO.'S ONE AND TWO
Appellant raises two assignments of error on appeal. Appellant's assignments of error will be considered together herein as each assignment of error requires an analysis of the same statutory provision.
Appellant's first assignment of error reads:
 "THE TRIAL COURT ERRED IN GRANTING DEFENDANT'S MOTION TO DISMISS COUNT ONE OF PLAINTIFF'S COMPLAINT ON STATUTE OF LIMITATIONS GROUNDS, WHERE PLAINTIFF STATED A CAUSE OF ACTION FOR FRAUD, WHICH IS GOVERNED BY THE FOUR YEAR STATUTE OF LIMITATIONS CONTAINED IN O.R.C § 2305.09(C)."
Appellant's second assignment of error reads:
 "THE TRIAL COURT ERRED IN GRANTING DEFENDANT'S MOTION TO DISMISS COUNT TWO OF PLAINTIFF'S COMPLAINT ON STATUTE OF LIMITATIONS GROUNDS, WHERE PLAINTIFF STATED A CAUSE OF ACTION FOR WASTE OR INJURY TO REAL PROPERTY, WHICH IS GOVERNED BY THE FOUR YEAR STATUTE OF LIMITATIONS CONTAINED IN O.R.C. § 2305.09(D)."
Appellant argues that the parties entered into the purchase agreement on September 8, 1995 and he filed a complaint on April 20, 1998. Inasmuch as claims of fraud and waste are governed by a four year statute of limitations, appellant argues that he clearly filed his complaint within the applicable statutory time limit. Therefore, appellant contends that the trial court improperly granted appellee's motion to dismiss.
 A. LAW
The spirit of the Civil Rules encourages resolution of cases upon their merits and not upon pleading deficiencies. Civ.R. 1 (B) requires that the Civil Rules be applied "to effect just results." Pleadings are an end to that goal. Peterson v. Teodosio
(1973), 34 Ohio St.2d 161, 175.
When ruling on a Civ.R. 12(B)(6) motion to dismiss a complaint for failure to state a claim upon which relief can be granted, the court must presume the truth of all factual allegations in the complaint and must make all reasonable inferences in favor of the nonmoving party. Phung v. Waste Mgt., Inc.(1986), 23 Ohio St.3d 100,102; Mitchell v. Lawson Milk Co.(1989), 40 Ohio St.3d 190. Before a court can grant a Civ.R. 12(B)(6) motion, it must appear beyond doubt from the complaint that the plaintiff cannot prove any set of facts entitling him to recover. See York v. OhioState Hwy. Patrol(1991), 60 Ohio St.3d 143, 143; O'Brien v.Univ. Community Tenants Union. Inc.(1975), 42 Ohio St.2d 242, syllabus; Bridges v. Natl. Encr. Contracting Co.(1990),49 Ohio St.3d 108, 112. The court, however, need not presume the truth of conclusions which are not supported by factual allegations. Mitchell, supra. In resolving a Civ.R. 12(B)(6) motion, a court is confined to the averments set forth in the complaint and cannot consider outside evidentiary materials unless the motion is converted into a motion for summary judgment under Civ.R. 56. Nelson v. Pleasant(1991), 73 Ohio App.3d 479,482.
The applicable statutory provision for certain torts is contained in R.C. 2305.09 and provides in part:
 "An action for any of the following causes shall be brought within four years after the cause thereof accrued:
* * *
(C) For relief on the ground of fraud;
 (D) For an injury to the rights of the plaintiff not arising on contract nor enumerated in sections 2305.10 to 2305.12, 2305.14 and 1304.35 of the Revised Code.
 * * * the causes thereof shall not accrue until the wrongdoer is discovered; nor, if it is for fraud, until the fraud is discovered." (Emphasis added.)
In Cohen v. Lamko, Inc.(1984), 10 Ohio St.3d 167, the Supreme Court of Ohio identified the elements of fraud as:
 (a) a representation or, where there is a duty to disclose, concealment of a fact,
 (b) which is material to the transaction at hand,
 (c) made falsely, with knowledge of its falsity, or with such utter disregard and recklessness as to whether it is true or false that knowledge may be inferred,
 (d) with the intent of misleading another into relying upon it,
 (e) justifiable reliance upon the representation or concealment, and
 (f) a resulting injury proximately caused by the reliance." Id. at 169. Friedland v. Lipman(1980), 68 Ohio App.2d 255, paragraph one of the syllabus. See also, Burr v. Stark Cty. Bd. of Commrs.(1986), 23 Ohio St.3d 69, 73.
Waste is defined as "action or inaction by a possessor of land causing unreasonable injury to the holders of other estates in the same land." Black's Law Dictionary(6 Ed. Rev. 1991) 1098. It has generally been held that a purchaser of real property bears the risk of loss to the property during the pendency of an executory contract. Sanford v. Breidenbach(1960), 111 Ohio App. 474,480. It is a well-established principle, however, that if a loss occurs during the executory period as a result of the vendor's negligence, the vendor is liable for the cost of repair.Sposit v. Navratil(1991), 72 Ohio App.3d 493, 495; Rappaport v.Savitz(1966), 208 Pa. Super. 175; 7 Williston, Contracts (3 Ed. 1963) 912-913, Section 936 and 959, Section 942; Note, The Vendor's Liability for Waste (1935), 48 Harv.L.Rev. 821, 824-825.
After entering into a real estate contract, the vendor has no right to commit waste on property in which the purchaser has equitable title. Crawley v. Timberlake(1843) 37 N.C. 460. If he does so or permits it to be done, he is liable to the purchaser for the diminution in value of the land. 4 Restatement of the Law 2d, Torts (1979), Section 929. The vendor is liable to the purchaser even though the purchaser has accepted the deed. Cessnav. Breen(1889), 22 W.L.B. 278. In Cessna v. Breen, the Supreme Court of Ohio established that acceptance of a deed does not prohibit an action for waste after the deed has been accepted. Once the waste has occurred, the defendant is immediately liable to the plaintiff. Thus, the action is separate from the transfer of title. See West v. P.D.G. Dev., Inc.(1994), 68 Ohio Misc.2d 25,27-28.
 B. ANALYSIS
Appellant's complaint set forth causes of action sounding in fraudulent concealment and waste. This complaint was filed on April 20, 1998. Appellee responded by filing a Motion to Dismiss in which she alleged in part, "[t]his action filed on April 20, 1998 is barred by the statute of limitations as per G.R. of Civil Procedure." The trial court subsequently granted appellee's Motion to Dismiss and held, "[t]he court finds the Plaintiff's Motion to be well taken and this case be and hereby is DISMISSED at Plaintiff's costs."
Appellant's complaint undoubtedly sets forth sufficient factual allegations of fraudulent concealment and waste. Before the trial court could grant appellee's motion to dismiss, it was required to find that appellant could not prove any set of facts which would entitle him to relief. Appellant alleged that appellee knowingly made material misstatements of fact in order to induce appellant to enter into the purchase agreement knowing that appellant would rely on such misstatements and as a result of such misrepresentations, appellant has incurred expenses to correct said defects. Appellant's second count of the complaint plainly alleges that appellee "allowed the property to suffer waste." Appellant's complaint adequately addresses each of the requisite elements necessary to sustain his causes of action. Thus, the trial court could not have granted the motion to dismiss simply based upon the factual allegations contained in appellant's complaint.
R.C. 2305.09 provides that actions sounding in fraudulent concealment and waste are governed by a four year statute of limitations. Appellant's complaint was clearly filed well within the four year statute of limitations. Consequently, it is difficult to comprehend how appellant's complaint has failed to withstand this motion. The trial court's judgment entry is of little or no aid in this matter. Based upon appellee's generalized statement that the complaint must be dismissed according to the General Rules of Civil Procedure, the trial court found that appellee's motion was with merit and dismissed the complaint without any indication as to the statutory provision upon which the motion was granted. Accordingly, appellant's first and second assignments are determined to have merit.
For the foregoing reasons, the trial court's decision is reversed and this cause is remanded for further proceedings according to law and consistent with this court's opinion.
Donofrio, J., concurs.
Waite, J., concurs.
APPROVED:
 ___________________________________ JOSEPH J. VUKOVICH, JUDGE