DECISION.
{¶ 1} Defendant-appellant, Greg Brock, d/b/a Pool Builders ("Brock"), appeals the trial court's order denying his motion for a directed verdict and entering a judgment for plaintiffs-appellees, Giles Leonard and Cathy Leonard. The Leonards had sued Brock for negligent construction of a pool and breach of warranty. The trial court entered judgment in favor of the Leonards. We reverse that part of the judgment awarding damages on the Leonard's Kool-Deck claim and affirm the balance of the judgment.
 I. Facts {¶ 2} In October 2002, the Leonards contracted with Brock to build a pool and a surrounding deck covered by a Kool-Deck overlay at their residence in Colerain Township. Construction began in the fall of 2002 and was completed in the spring of 2003. During the construction, Brock hired several subcontractors. The Leonards also subcontracted work — but those portions of the work are not at issue here. The contract price for Brock's work was $27,779, to be paid in installments as the construction progressed. The Leonards have paid all but $1,950. Brock counterclaimed for that amount.
 {¶ 3} When the pool construction ended, the Leonards were dissatisfied with Brock's work. The lining of the pool had several wrinkles that turned into large tears. In addition, the Kool-Deck overlay was the wrong color. Brock represented that the color would darken to match the sample shown to the Leonards, but it did not. The purpose of the Kool-Deck overlay was to create a cooler walking surface. The Kool-Deck installed at the Leonard's residence was so rough that guests tore their bathing suits and caught their feet on the sharp edges. Eventually, the Kool-Deck cracked and came off in large chunks.
 {¶ 4} The contract warranty covered the pool liner for ten years from the date of installation. Initially, Brock agreed to fix both the pool liner and the Kool-Deck, but *Page 2 
ultimately he denied liability for both. The contract expressly disclaimed any warranty for the concrete decking and flatwork: "No warranty on concrete decking or flatwork whatsoever." Brock asserted that the Kool-Deck overlay was excluded from the warranty because it was concrete. Relying on his warranty-exclusion assertion, Brock moved for a directed verdict. The trial court denied Brock's motion and entered judgment in favor of the Leonards for the damage to the pool liner and the Kool-Deck. The trial court (1) concluded that Brock had breached his warranty for the liner and had negligently installed the Kool-Deck; (2) awarded the Leonards $10,480 in compensatory damages — $2,200 for the liner and $8,280 for the Kool-Deck; (3) granted Brock's counterclaim for $1,950; and (4) offset the Leonards' damages by the amount of Brock's counterclaim, resulting in a net award to the Leonards of $8,530.
 {¶ 5} Brock now assigns three errors: (1) the court improperly denied his directed-verdict motion at the conclusion of the Leonards' presentation of evidence; (2) the court erred by allowing the admission of hearsay throughout the trial; and (3) the evidence failed to show that he had breached the contract or was negligent. We discuss Brock's assignments of error together.
 II. The Kool-Deck — Concrete Decking or Not? {¶ 6} Brock's first assignment of error is that the trial court erred in overruling his directed-verdict motion because the Kool-Deck was not guaranteed under the contract. The Leonards had argued in the trial court that the Kool-Deck was a "finish" and not "concrete decking or flatwork," and that the Kool-Deck was therefore subject to the warranty contained in the contract. In awarding damages, the trial court agreed that the Kool-Deck was not concrete decking or flatwork.
 {¶ 7} The contract explicitly excluded from the warranty any "concrete decking or flatwork whatsoever." And on the contract addendum, under the "Concrete Decking" heading, Brock yet again disclaimed any warranty: "While it is hereby agreed that the *Page 3 
company cannot guarantee the concrete decking will not crack, it strongly recommends the owner consider and specify the following measures be taken: (A) Use of heavy strength concrete, preferably 4000 P.S.I.; (B) Steel reinforcement — preferably with re-bar; (C) Generous use of plastic control joints; and (D) A full 4" thickness of concrete." Both warranty exclusions were acknowledged and initialed by the Leonards.
 {¶ 8} Matters of contract interpretation and the existence of ambiguity pose questions of law that are subject to de novo review.[1]
If a contract's language is clear and unambiguous, its interpretation is a matter of law.[2] A contract is ambiguous if its terms cannot be clearly determined from a reading of the entire agreement or if its terms are susceptible to more than one interpretation.[3] Contract terms are to be given their plain and ordinary meaning.[4]
 {¶ 9} We are convinced that the contract in this case was unambiguous, and consequently our review is de novo. We hold under the plain and unambiguous terms of the contract that there was no distinction between the Kool-Deck that was applied and the concrete decking that was excluded from warranty. They were one and the same, and the trial court erred in making a distinction. We are further convinced that there was no justification for the Leonards' attempt to inject ambiguity into the terms "concrete decking or flatwork" by asserting that the Kool-Deck was a "finish." There was no distinction to be made.
 {¶ 10} Kool-Deck consists of white cement, aggregate (marble sand), water, and coloring. Concrete consists of cement, aggregate (as washed sand and gravel or broken rock), and water.[5] Decking is "the surfacing material of a deck."[6] Kool-Deck is squarely within the plain and ordinary meaning of concrete decking — a surfacing *Page 4 
material made of concrete. And because Kool-Deck is concrete decking, the contract expressly excluded it from the warranty, and the trial court's judgment awarding $8,280 to the Leonards for the Kool-Deck must be reversed.
 III. The Pool Liner {¶ 11} The trial court awarded the Leonards $2,200 based on its finding that Brock had breached the warranty for the pool liner. The contract specifically provided a ten-year warranty on the liner. The liner initially had wrinkles, and during the removal process it was torn. The liner was clearly covered by the warranty, and we hold that the trial court did not err in awarding the Leonards $2,200 for the damage to the liner.
 {¶ 12} Our discussion of the Kool-Deck and the liner is dispositive of Brock's appeal, and his remaining assignments of error are moot.
 {¶ 13} That part of the trial court's judgment awarding the Leonards $8,280 for negligent installation of the Kool-Deck is reversed; the balance of the judgment awarding the Leonards $2,200 for breach of the warranty on the pool liner and offsetting damages of $1,950 on Brock's counterclaim is affirmed. We remand this case to the trial court to enter judgment for the Leonards in the amount of $250.
[1] See Ruehl v. AIR/PRO, Inc., 1st Dist. Nos. C-040339 and C-040350, 2005-Ohio-1184, at ¶ 4.
[2] See id.
[3] See id.
[4] See Gomolka v. State Auto. Mut. Ins. Co. (1982),70 Ohio St.2d 166, 167-168, 436 N.E.2d 1347.
[5] See Webster's Third New International Dictionary (1961) 472.
[6] See id. at 586.
Judgment reversed in part and cause remanded
HENDON and WINKLER, JJ., concur.
RALPH WINKLER, retired, from the First Appellate District, sitting by assignment. *Page 1