SHAH et al., Appellants,

v.

SMITH et al., Appellees.

[Cite as *Shah v. Smith*, 181 Ohio App.3d 264, 2009-Ohio-743.]

Court of Appeals of Ohio,
First District, Hamilton County.

No. C–080298.

Decided Feb. 20, 2009.

L. Joshua Davidson and Cathy R. Cook, for appellants.

Robert W. Burns, for appellees.

———————

HENDON, Presiding Judge.

{¶ 1} This case presents the question whether 8025 Beech Ave. is encumbered with a three-foot easement that allows the owners of 8027 Beech Ave. the right of ingress and egress over a single driveway that runs between the two properties.

{¶ 2} Rajnikant and Vina Shah owned adjoining properties at 8025 and 8027 Beech Ave. The property line between 8025 and 8027 Beech Ave. runs down the middle of a shared driveway. 8027 Beech Ave. has a back door, as well as a rear, detached garage. The Shahs never lived at either address and used both as rental properties.

{¶ 3} The Smiths leased, and later purchased, 8025 Beech Ave. from the Shahs. The sales contract stated, in part, "Buyer will accept the Property subject to restrictions of record * * *." It also stated, "Title. Except as specifically permitted in this Agreement, Seller shall transfer to Buyer good and marketable title free and clear of all * * * easements." Finally, the deed to the property was to be delivered "free and clear of all liens and encumbrances, except as otherwise provided herein." At the time of the sale, the deed to 8025 Beech Ave. provided that the property was "subject to easement contained in Deed recorded in Deed Book 1818, Page 479 of Deed Records of Hamilton County." This driveway easement gave the owners of 8027 Beech Ave. the use of three feet of property belonging to the owners of 8025 Beech Ave. for ingress and egress purposes.

{¶ 4} Following years of acrimony between the parties over the use of the driveway and the cost of driveway repairs, the Shahs sued the Smiths, seeking a declaration from the trial court that the driveway easement existed. The Smiths counter-claimed, asserting that no easement existed and requesting that the trial court quiet title against the Shahs. During the litigation, the Smiths built a fence down the shared driveway along their property line.

{¶ 5} The case was tried before a magistrate, who found in favor of the Shahs. But the trial court sustained the Smiths' objections to the magistrate's decision and held that no easement existed. The trial court further held that the Smiths' fence could remain, and it quieted title to the property. In three assignments of error, the Shahs now appeal. We reverse.

{¶ 6} In their first assignment of error, the Shahs argue that the trial court erred by misapplying the doctrine of merger by deed. The Shahs are correct.

## De Novo Review

{¶ 7} Before analyzing this assignment of error, we note that this court ordinarily reviews a trial court's ruling on objections to a magistrate's decision under an abuse-of-discretion standard of review.[1] But because this appeal presents a question of law only, i.e., contract interpretation, we review the assigned error de novo.[2]

## Merger by Deed

{¶ 8} "Merger by deed" is a canon of construction that aids courts in determining what the true intent of the parties to a real estate transaction was at the time of a sale.[3] It provides that whenever a deed is delivered and accepted without qualification under a sales contract for real property, the contract is merged into the deed and is essentially extinguished.[4]

{¶ 9} If this applied here, we would only look to the deed to determine what had been conveyed. But there are exceptions to this general rule. In *Reid v. Sycks*,[5] the Ohio Supreme Court acknowledged that a provision in a sales contract relating to the amount of land to be conveyed did not "merge" upon acceptance and delivery of the deed. By analogy, we hold here that a provision in a sales contract pertaining to the conveyance of an easement was not extinguished at the time the deed was conveyed. Therefore, under *Reid* (and more recent case law[6]), the contract and the deed were both a part of the sales contract, and they must be examined together to ascertain the parties' intent.

## The Deed Refers to the Driveway Easement

{¶ 10} Here, the provision in the sales contract specifically referring to the deed stated that it was free of all easements "except as otherwise provided

---

1. See *In re Estate of Knowlton*, 1st Dist. No. C–050728, 2006-Ohio-4905, 2006 WL 2708444, ¶ 43.

2. *Stephan Business Ents., Inc. v. Lamar Outdoor Advertising Co. of Cincinnati*, 1st Dist. No. C–070373, 2008-Ohio-954, 2008 WL 612267, ¶ 13; see also *Nationwide Mut. Fire Ins. Co. v. Guman Bros. Farm* (1995), 73 Ohio St.3d 107, 652 N.E.2d 684; *Leonard v. Brock*, 1st Dist. No. C–060635, 2007-Ohio-4601, 2007 WL 2540602, ¶ 8.

3. *Colace v. Wander*, 5th Dist No. 2006 CA 0005, 2006-Ohio-7094, 2006 WL 3849263, ¶ 57; *Newman v. Group One*, 4th Dist. No. 04CA18, 2005-Ohio-1582, 2005 WL 737579, ¶ 13.

4. See id.; *Suermondt v. Lowe*, 165 Ohio App.3d 427, 2006-Ohio-224, 846 N.E.2d 910, ¶ 19.

5. (1875), 27 Ohio St. 285, 291.

6. See *Endersby v. Schneppe* (1991), 73 Ohio App.3d 212, 215, 596 N.E.2d 1081; *McGovern Builders, Inc. v. Davis* (1983), 12 Ohio App.3d 153, 155, 12 OBR 477, 468 N.E.2d 90; *Berry v. Cleveland Trust Co.* (1935), 53 Ohio App. 425, 7 O.O. 278, 5 N.E.2d 702.

herein." The contract also stated that the parties would be bound by "restrictions of record" and by matters "specifically permitted in this agreement." We presume that the Shahs and the Smiths intended to be bound by this language since they chose to use it in their sales contract.[7] As we have already noted, the deed to 8025 Beech Ave. was a part of the sales contract. The deed refers to the driveway easement. We therefore hold that the parties intended that an easement run with the land. This assignment of error is sustained.

### Another Merger Doctrine

{¶ 11} The Shahs' second assignment of error challenges the trial court's application of the "doctrine of merger by ownership." This merger doctrine provides that "a servitude may not be impressed upon an estate of another estate when both estates are owned by the same person."[8] Thus, an easement is extinguished by merger when the dominant and servient tenements come into the ownership of the same party.[9]

{¶ 12} The trial court was correct to the extent that it determined that the doctrine of merger extinguished the driveway easement at the time that the Shahs owned both 8025 and 8027 Beech Ave.—there is no reason for an owner to hold an easement against himself. But this did not preclude the parties from burdening 8025 Beech Ave. with an easement at the time that the Shahs sold it to the Smiths. And, as we have held, the plain language of the purchase agreement indicates that the parties intended an easement to run with 8025 Beech Ave.

{¶ 13} In their third assignment of error, the Shahs argue that the trial court erred by failing to hold that an implied easement of necessity existed. Because we have already determined that an express easement existed, this argument is moot. We therefore decline to address it.[10]

{¶ 14} The judgment of the trial court is reversed. We remand this case for further proceedings consistent with this decision.

Judgment reversed
and cause remanded.

HILDEBRANDT and DINKELACKER, JJ., concur.

---

7. See *Leonard,* supra;  see also *Physicians Anesthesia Serv., Inc. v. Burt,* 1st Dist No. C–060761, 2007-Ohio-6871, 2007 WL 4463972, ¶ 10.

8. *Hiener v. Kelley* (July 23, 1999), 4th Dist. No. 98CA7, 1999 WL 595363.

9. *State ex rel. Synod of United Lutheran Church v. Joseph* (1941), 36 Ohio Law Abs. 317.

10. App.R. 12(A)(1)(c).