FRUIT  DISPATCH  COMPANY  *vs*.  FRANK  WOLMAN.

Kennebec.        Opinion  May  8,  1925.

*A  written  and  signed  statement  of  resources  and  liabilities,  addressed  and  given*
*by  a  dealer  to  a  wholesaler,  stating  that  it  is  submitted  "for  the  purpose  of  obtaining*
*credit  now  and  hereafter  for  goods  purchased,"  should  have  the  construction   placed*
*upon  it,  which  the  parties  intended  it  to  have  at  the  time  it  was  executed.*

Such  statement,  further  providing  for  the  termination  of  any  credit  and  the
immediate  maturity  of  any  indebtedness  thereafter  incurred  upon  failure  or
insolvency,  must  mean  credit  for  more  than  one  transaction—that  the  statement
was  submitted  for  the  purpose  of  obtaining  a  line  of  credit.

A  further  assertion  in  such  statement,  "and  (the  subscribers)  will  immediately
notify  you  of  any  material  change  in  their  financial  condition,"  cannot  be  con-
strued  as  an  independent  promise  only,  and  capable  of  separation  from  what
precedes  and  follows.    The  entire  statement  reaches  forward  in  point  of  time
and  covers  the  future  financial  condition  of  the  maker,  unless  notice  of  change
is  given,  as  well  as  future  transactions  between  the  parties.

In  the  instant  case  as  presented  the  court  cannot,  and  does  not,  express  any  opinion
as  to  whether  there  was  any  limit  of  time,  indicated  by  usages  and  conditions
of  the  fruit  trade,  the  relations  of  the  parties,  or  otherwise,  during  which  the
parties  may  have  intended  the  representation  to  be  operative.

It  is  for  the  jury  to  decide  whether  the  credits  given  were  induced  by  the  repre-
sentations.

On  exceptions.    An  action  for  alleged  false  representations  and
deceit.    The  defendant,  a  retail  fruit  dealer,  gave  to  plaintiff,  a
wholesale  dealer  in  fruits,  a  written  statement  of  his  financial  condi-
tion  signed  by  him  for  the  purpose  of  obtaining  credit  then  and  there-
after  for  the  purchase  of  goods  and  under  the  terms  of  the  written
statement  defendant  was  to  immediately  notify  the  plaintiff  of  any
material  change  in  his  financial  condition.    Subsequently  defendant
borrowed  money  and  gave  mortgages  on  his  property  and  largely
increased  his  liabilities  without  notifying  the  plaintiff  of  his  changed
financial  condition,  and  purchased  goods  of  plaintiff  after  he  had  thus
increased  his  liabilities  until  finally in  September,  1923,  about  sixteen
months  after  he  gave  the  said  statement,  he  was  petitioned  into

bankruptcy.   At the trial the plaintiff offered evidence that defendant, after the giving of the statement and before the sale in question, had encumbered his property and largely increased his liabilities, which was excluded, and plaintiff entered exceptions.   Exceptions sustained.

The case is fully stated in the opinion.

*James L. Boyle,* for plaintiff.

*Maurice E. Rosen,* for defendant.

SITTING: CORNISH, C. J., PHILBROOK, MORRILL, WILSON, STURGIS, BARNES, JJ.

MORRILL, J.   The bill of exceptions states that this case is an action for alleged false representations and deceit.   The plaintiff is a wholesale dealer of fruit in Boston; until about September 1, 1923, the defendant was a dealer in fruit in Waterville.   About that date the defendant ceased to do business, and upon proceedings in bankruptcy later instituted against him, his liabilities were scheduled at approximately thirty-four thousand dollars, including an indebtedness to plaintiff for merchandise sold in August, 1923.

On May 8, 1922, the defendant gave to the plaintiff a written statement of his assets and liabilities, signed by him.   The part of this statement material to the present discussion is as follows:

"PROPERTY STATEMENT BLANK.

"To FRUIT DISPATCH COMPANY, New York

"For the purpose of obtaining credit now and hereafter for goods purchased, the undersigned herewith submit to you the following statement of their resources and liabilities, and will immediately notify you of any material change in their financial condition.

"In consideration of your granting them credit, the undersigned agree that in case of their failure or insolvency, or in case they shall make any assignment for the benefit of creditors, bill of sale, mortgage or other transfer of their property, or shall have their stock attached, receiver appointed, or should any judgment be entered against them, then all and every one of the claims which you may have against them shall at your option become immediately due and payable, even though the term of credit has not expired.   All goods hereafter purchased from you shall be taken to be purchased subject to the foregoing conditions as a part of the terms of sale."

Then follows a detailed statement of "Active Business Assets" and "Business Liabilities," including particulars as to assessed valuation of real estate owned, and amount of incumbrances thereon. The plaintiff alleged that in selling the defendant the merchandise aforesaid it relied upon the statement given on May 8, 1922, as a continuing representation of the defendant's financial standing; that the defendant misrepresented the value of his assets and the amount of his liabilities at the time the statement was given; that he did not notify the plaintiff of material changes in his financial condition thereafter, to wit, a mortgage to Ticonic National Bank of Waterville, a mortgage to one Rubin on March 10, 1923, for $6,500, and a conveyance of certain real estate to one Louis Wolman, Jr.; that, having no knowledge of these changes in defendant's financial condition after May 8, 1922, and relying upon the representations of the statement, the plaintiff sold merchandise to the defendant in August, 1923, at a time when, as the bill of exceptions states, the defendant knew that he could not pay for it, and was deceived by said statement.

Thus construing the statement, the plaintiff offered evidence of a mortgage loan by Ticonic National Bank to defendant after May 8, 1922, and before the sale in question. The evidence was excluded. The plaintiff also offered evidence of other transfers of property by defendant during the same period; this evidence was also excluded. The presiding Justice stated his ruling applicable to both offers as follows:

"Of course you may show anything which will tend to disprove his statement made to the creditor, and some of the evidence which has gone in was admitted for that purpose. I am firmly convinced that the agreement which he entered into as part of the statement that he would immediately notify of any material change in his financial condition, is a promise only, and that evidence showing his financial condition, changes in his financial condition, after the date of the credit, would not, even if proven, be a matter of fraud under this contract, under those representations. In other words, I hold that that stipulation in the paper which he signed representing his financial condition, that he would report any material change, was a promise only on his part, and that it did not constitute a continuing representation as to his financial condition. "

The only question before the court is the correctness of this ruling and the construction to be given to the statement of May 8. That

statement should have the construction placed upon it which the parties intended it to have at the time it was executed. It plainly states that it was submitted "for the purpose of obtaining credit now and hereafter for goods purchased," and the second paragraph provides for the termination of any credit and the immediate maturity of any indebtedness upon failure or insolvency; this provision is expressly made applicable to all goods thereafter purchased. The language so employed must mean credit for more than one transaction—that the statement was submitted for the purpose of obtaining a line of credit. The closing clause of the opening sentence, "and will immediately notify you of any material change in their financial condition," must be construed as a representation to the party to whom the communication was addressed, that it might rely upon the statement as a true statement of financial standing, not only in the present but for the future, unless notice of change was given. It would be unreasonable to limit the scope of the statement strictly to the time it was made, when in terms it refers both to present and future dealings. The undertaking to give notice of any material change in financial condition cannot be construed as an independent promise only, and capable of separation from what precedes and follows. The entire statement reaches forward in point of time and covers the future financial condition of defendant, as well as future transactions between the parties. *Atlas Shoe Co.* v. *Bechard*, 102 Maine, 197, 10 L. R. A., (N. S.), 245, and note. Counsel would distinguish the instant case from the case cited. While the language of the statement now before the court is not so precise as in the Bechard Case, the construction which the parties intended both statements to have, and the objects they had in view are the same, and the language used fairly so indicates. Both cases involve something more than representations true at the time, and mere failures to notify of a change of conditions. *Ragan, Malone & Co.* v. *Cotton*, 200 Fed., 546, presents a similar statement.

The statement was made May 8, 1922; the merchandise in question was sold in August, 1923, and the bankruptcy followed in September. The case does not disclose the dealings of the parties between May 8, 1922 and August, 1923, whether continuous, or seasonal with intervals of greater or less length between certain seasons. We are therefore, not in a position to express, and do not express, any opinion as to whether there was any limit of time, indicated by the usages and

conditions of the fruit trade, the relations of the parties, or otherwise, during which the parties may have intended the representation to be operative.   It is for the jury to decide whether the credits given in August, 1923 were induced by the representations.   *Zabriskie* v. *Smith,* 13 N. Y., 322, 332;  64 Am. Dec., 551, 554.

*Exceptions  sustained.*

CORNISH, C. J., sat at argument and participated in consultation, but, owing to retirement does not join in the opinion.