MILES ET AL., APPELLEES, *v.* PERPETUAL SAVINGS & LOAN CO., ET AL.; MCSWEGIN, APPELLANT.

(No. 78-796—Decided May 9, 1979.)

*Aronson, Fineman & Davis Co., L. P. A.,* and *Mr. Bernard Fineman,* for appellees.

*Mr. Lawrence W. Smith,* for appellant.

HERBERT, J. The essence of appellant's first proposition of law is that where a real estate vendee's lending institution requires an inspection, which informs the institution of a termite infestation, and the institution exclusively controls the closing documents and proceedings, a duty to disclose the fact of the infestation rests solely with the lending institution and not with the vendor's real estate agent.[*]

One of the interests protected by the law of deceit is "the interest in formulating business judgments without being misled by others * * *" into making unwise decisions which result in financial loss. Fleming & Gray, Misrepresentation—Part I, 37 Maryland L. Rev. 286-287 (1977). It is well established that an action for fraud and deceit is maintainable not only as a result of affirmative misrepresentations, but also for negative ones, such as the failure of a party to a transaction to fully disclose facts of a material nature where there exists a duty to speak. Prosser on Torts (4 Ed. 1971) 695-696, Repre-

---

[*]Whether the vendee's lending institution was under a duty to disclose is addressed separately in our decision in the companion cause decided today. See *Miles* v. *Perpetual S. & L. Co.* (1979), 58 Ohio St. 2d 93, N. E. 2d . The disposition of that cause has no bearing upon the issue of appellant's liability for non-disclosure.

sentation and Nondisclosure, Section 106; 37 American Jurisprudence 2d 197-201, Fraud and Deceit, Sections 144 and 145; *Barder* v. *McClung* (1949), 93 Cal. App. 2d 692, 697, 209 P. 2d 808. Moreover, it should be axiomatic that parties who directly benefit from and knowingly participate in a transaction tainted with fraud or deceit, who are under a duty to disclose their knowledge and fail to do so, are liable for damages directly and proximately resulting from their silence. See 37 American Jurisprudence 2d 571, Section 421; *Saporta* v. *Barbagelata* (1963), 220 Cal. App. 2d 463, 33 Cal. Rptr. 661.

3 Restatement of Torts 2d 119, Section 551, subsections (1) and (2), states, in essence, that a party is under a duty to speak, and therefore liable for non-disclosure, if the party fails to exercise reasonable care to disclose a material fact which may justifiably induce another pary to act or refrain from acting, and the non-disclosing party knows that the failure to disclose such information to the other party will render a prior statement or representation untrue or misleading. See *Id.*, at Comment *h* to subsection 2(c) and Illustrations 1 and 2 thereto, at page 122; *cf. Equitable Life Ins. Co. of Iowa* v. *Halsey, Stuart & Co.* (1941), 312 U. S. 410; *Fruit Dispatch Co.* v. *Wolman* (1925), 124 Me. 355, 128 A. 740.

Vendees of real estate in the case of *Bursey* v. *Clement* (N. H. 1978), 387 A. 2d 346, were granted rescission of their transaction when it was demonstrated that the vendor of the land represented to them that they would be able to secure building permits for a number of lots, but, due to a subsequent change in a local ordinance which occurred before the sale was consummated, the vendor's representation became untrue. The court, at page 348, stated: "One who makes a representation that is true when made is under a duty to correct that statement if it becomes erroneous or is discovered to have been false before the transaction is consummated."

In *Maser* v. *Lind* (1967), 181 Neb. 365, 148 N. W. 2d 831, the vendees of real estate sued the vendor to recover damages for fraud, claiming reliance on the latter's representation that the buildings were in "good sound con-

dition," when in fact they had been seriously damaged by termites. The court, in affirming a judgment for vendees, reasoned that the vendor's statements were actionable because they were made as positive assertions of existing fact, and the purchasers, through the exercise of ordinary prudence, were unable to discover the true condition of the property.

We conclude that, under the facts at bar, appellant was under a duty to disclose to appellees that the subject property had suffered an infestation of termites. See, also, *Cooper* v. *Jevne* (1976), 56 Cal. App. 3d 860, 128 Cal. Rptr. 724; *Obde* v. *Schlemeyer* (1960), 56 Wash. 2d 449, 353 P. 2d 672; *Piazzini* v. *Jessup* (1957), 153 Cal. App. 2d 58, 314 P. 2d 196; Annotation, 8 A. L. R. 3d 550; cf. *Pumphrey* v. *Quillen* (1956), 165 Ohio St. 343, 135 N. E. 2d 328.

A reasonable interpretation of the testimony below establishes that appellant represented to appellees that this property was "a good solid home"—"a good sound house." Additionally, it was uncontroverted that when subsequently informed of the termite infestation, appellant failed to notify appellees that this representation had become subject to material qualification. This non-disclosure, coupled with the hidden nature of the impairment, entitled appellees to rely upon appellant's prior representation with regard to the overall soundness of the property, and imposed a duty upon appellant to disclose to appellees the existence of the termite infestation.

Appellant argues alternatively that the doctrine of *caveat emptor* precludes recovery by appellees.

In our opinion, the cause *sub judice* is inappropriate for the application of the maxim *caveat emptor* because the presence of the termite infestation was not detectable by appellees upon reasonable inspection. Actions involving latent defects constitute an exception to the application of the rule. See *Hadley* v. *Clinton County Importing Co.* (1862), 13 Ohio St. 502; *Traverse* v. *Long* (1956), 165 Ohio St. 249, 135 N. E. 2d 256; *Obde* v. *Schlemeyer, supra;* Keeton, Rights of Disappointed Purchasers, 32 Tex. L. Rev. 1, 2-7 (1953).

Appellant maintains further that a defect unknown to

both vendor and vendee at the time of the execution of an agreement to purchase real property is not a latent defect.

We agree with the Court of Appeals' resolution of this contention by noting that appellant became aware of the termite condition on September 5, 1975, the day of the closing and a number of days prior to the date Perpetual recorded the mortgage and distributed the settlement monies. Under these facts, a duty to disclose the information arose at the time it was discovered. Furthermore, it is generally not the time that parties become aware of a defect which determines its latent quality; such determinations are usually based upon the nature of the defect and the ability of the parties to determine through reasonable inspection that it exists. See *Hadley* v. *Clinton County Importing Co., supra; Roberts* v. *Rogers* (1935), 129 Neb. 298, 261 N. W. 354; *Cole* v. *Lord* (1964), 160 Me. 223, 202 A. 2d 560. *Cf. W. R. Grassle Co.* v. *Alaska Workmen's Comp. Bd.* (Alaska 1974), 517 P. 2d 999, 1002.

Appellant contends finally that a duty on the part of a real estate agent to disclose knowledge of a termite infestation cannot exist in the absence of a special relationship between the vendor's agent and the vendee.

Appellant's duty to disclose was determined, *supra,* in response to his first proposition of law. The existence of a special relationship between vendor's agent and vendee is not requisite to our conclusion that appellant, under the facts of this cause, was under a duty to disclose the existence of the termite infestation. See 37 American Jurisprudence 2d 201, Section 146; 3 Restatement of Torts 2d, *supra,* at page 119.

Accordingly, the judgment of the Court of Appeals with respect to appellant, Merl McSwegin, is affirmed.

*Judgment affirmed.*

CELEBREZZE, C. J., W. BROWN, SWEENEY, LOCHER and HOLMES, JJ., concur.

P. BROWN, J., concurs in the judgment.