APPLEGATE, Appellant,

v.

FUND FOR CONSTITUTIONAL GOVERNMENT, Appellee.

[Cite as *Applegate v. Fund for Constitutional Govt.* (1990), 70 Ohio App.3d 813.]

Court of Appeals of Ohio,
Franklin County.

No. 90AP–697.

Decided Dec. 31, 1990.

*Ralph A. Applegate*, pro se.

*Howrey & Simon, John Bodner, Jr.*, and *Anne H. Warner; Frost & Jacobs* and *Michael K. Yarbrough*, for appellee.

PEGGY BRYANT, Judge.

Plaintiff-appellant, Ralph A. Applegate, appeals from a judgment of the Franklin County Court of Common Pleas granting the motion for summary judgment of defendant-appellee, Fund for Constitutional Government ("Fund").

Pursuant to the parties' affidavits supplied in support of and in opposition to defendant's motion for summary judgment, plaintiff was employed by the Defense Construction Supply Center prior to his discharge in 1976. Plaintiff maintains that he was discharged for engaging in "whistleblowing" activities designed to reveal government waste and other misconduct.

The Fund is a nonprofit public interest organization incorporated in Washington, D.C., whose purposes include exposing and correcting government corruption. Anne Zill was chief executive officer of the Fund and a member of its board of directors from December 1978 through 1982. William Dobrovir, a Washington, D.C. attorney, was associated with the Fund as a project director during the late 1970's and early 1980's but was not a member of its board of directors.

In 1979, plaintiff brought suit against his employer for wrongful discharge in *Applegate v. Weinberger*, D.D.C. 79–0145 ("*Weinberger* litigation"). Dobrovir represented plaintiff during this lawsuit at no cost to plaintiff. The Fund did not refer plaintiff to Dobrovir but did provide grants to Dobrovir to cover part of the cost of the litigation.

Plaintiff settled his suit against his employer in 1982; neither Dobrovir nor the Fund received a share of the settlement award. Plaintiff unsuccessfully brought suit against Dobrovir, *pro se*, in federal court for malpractice and fraud based on his conduct of the *Weinberger* litigation. See *Applegate v. Dobrovir, Oakes, & Gebhardt* (1985), 628 F.Supp. 378, affirmed (C.A.D.C. 1987), 809 F.2d 930 (*per curiam*), certiorari denied (1987), 481 U.S. 1049, 107 S.Ct. 2181, 95 L.Ed.2d 837. Plaintiff then brought suit against the Fund, *pro se*, in common pleas court, alleging breach of fiduciary duty and promise as well as fraudulent misrepresentation of both its purpose and relationship with Dobrovir. Defendant moved to dismiss or, in the alternative, for summary

judgment. The common pleas court granted defendant's motion for summary judgment on May 31, 1990.

Plaintiff appeals therefrom, assigning the following errors:

"1. The Trial Court erred in finding that Plaintiff's Complaint failed to allege sufficient facts to establish a fiduciary relationship.

"2. The Trial Court erred in finding that Plaintiff did not allege specific facts in response to Defendant's Motion for Summary Judgment that indicated there were no genuine issues of material fact."

At the outset, we disagree with plaintiff's contention that the trial court erred when it granted summary judgment without providing notice or an oral hearing to plaintiff. Civ.R. 56(B) requires notice to the nonmoving party when the trial court converts a motion to dismiss into a motion for summary judgment by considering matters beyond the pleadings. *Petrey v. Simon* (1983), 4 Ohio St.3d 154, 4 OBR 396, 447 N.E.2d 1285, paragraph one of the syllabus. However, in this case, the trial court did not convert a motion to dismiss into a motion for summary judgment but, instead, granted defendant's motion, in the alternative, for summary judgment; plaintiff acknowledges the dual nature of defendant's motion not only in the reading of his reply to the motion, but also in responding to defendant's motion with a countervailing affidavit. Nor does Civ.R. 56(B) require the trial court to provide an oral hearing on a motion for summary judgment. *Gates Mills Invest. Co. v. Pepper Pike* (1978), 59 Ohio App.2d 155, 164, 13 O.O.3d 191, 196, 392 N.E.2d 1316, 1322.

Plaintiff's first assignment of error asserts that the trial court erred in finding that plaintiff's complaint failed to allege sufficient facts to establish a fiduciary relationship. The trial court's decision is somewhat unclear whether it applied the standards for dismissal pursuant to Civ.R. 12(B)(6) or those for summary judgment pursuant to Civ.R. 56. Hence, we analyze this claim under both standards.

Plaintiff does not allege the existence of an express fiduciary relationship; thus his claim for breach of fiduciary duty is cognizable, under either analysis, only if it is based on the existence of a *de facto* fiduciary relationship. A *de facto* fiduciary relationship may arise from a confidential relationship, *Prudential Insurance Co. v. Eslick* (S.D.Ohio 1984), 586 F.Supp. 763, 766; *Walters v. First Natl. Bank of Newark* (1982), 69 Ohio St.2d 677, 679, 23 O.O.3d 547, 548, 433 N.E.2d 608, 609, which is a relationship in which:

" * * * [O]ne person comes to rely on and trust another in his important affairs and the relations there involved are not necessarily legal, but may be moral, social, domestic, or merely personal. * * * " *Indermill v. United*

*Savings* (1982), 5 Ohio App.3d 243, 245, 5 OBR 530, 532, 451 N.E.2d 538, 540. Such a confidential relationship, however, cannot be unilateral; a mutual understanding must exist that one party has reposed a special confidence in the other. *Warren v. Percy Wilson Mortgage & Finance Corp.* (1984), 15 Ohio App.3d 48, 51, 15 OBR 76, 79, 472 N.E.2d 364, 366.

A motion to dismiss under Civ.R. 12(B)(6) for failure to state a claim generally will be granted only when the plaintiff would be unable to prove any set of facts that would entitle him to relief. *O'Brien v. University Community Tenants Union, Inc.* (1975), 42 Ohio St.2d 242, 71 O.O.2d 223, 327 N.E.2d 753, syllabus. In ruling on a motion to dismiss, the trial court must limit its review to the pleadings, Civ.R. 12(B), and interpret all material allegations in the complaint as true. *State, ex rel. Alford, v. Willoughby* (1979), 58 Ohio St.2d 221, 223, 12 O.O.3d 229, 230, 390 N.E.2d 782, 784.

 Plaintiff's complaint does not allege any mutual understanding between himself and the Fund that he reposed a special confidence in the Fund. At best, the complaint alleges that plaintiff unilaterally reposed confidence in the Fund or individual members of its board. Such allegations are insufficient to establish the existence of a *de facto* fiduciary relationship upon which a claim for breach of fiduciary duty may be based.

A motion for summary judgment is related to a motion to dismiss in that both raise the question whether any basis for legal liability exists even if the plaintiff can prove what he alleges in his complaint. *Kwait v. John David Management Co.* (1974), 42 Ohio App.2d 63, 66, 71 O.O.2d 425, 427, 329 N.E.2d 702, 704. Pursuant to Civ.R. 56, summary judgment is appropriate when no genuine issue exists as to any material fact and the moving party is entitled to judgment as a matter of law. However, summary judgment is not to be rendered unless, construing the evidence most strongly in favor of the nonmoving party, it appears that reasonable minds can come to but one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made. Civ.R. 56; *Temple v. Wean United, Inc.* (1977), 50 Ohio St.2d 317, 327, 4 O.O.3d 466, 471, 364 N.E.2d 267, 273.

 We base our review of plaintiff's claim for breach of fiduciary duty under the summary judgment standard on the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any, timely filed in the action. Civ.R. 56(C). Accordingly, we consider the amended complaint and answer thereto, the deposition of plaintiff, and the affidavits of plaintiff, William Dobrovir, and Anne Zill. However, we consider only such facts therein that are based on each deponent's or affiant's personal knowledge and

would be admissible in evidence. See Civ.R. 56(E); *Pond v. Carey Corp.* (1986), 34 Ohio App.3d 109, 111, 517 N.E.2d 928, 930.

■ Assuming *arguendo* that plaintiff has alleged the existence of a confidential relationship between himself and the Fund, defendant has presented the affidavits of both Dobrovir and Zill that the Fund did not refer plaintiff to Dobrovir, hire Dobrovir to represent plaintiff, or attempt to interfere in Dobrovir's conduct of the *Weinberger* litigation. These affidavits, which indicate a limited and attenuated relationship between plaintiff and the Fund, support the absence of a mutual understanding that plaintiff was reposing trust in the Fund. Plaintiff responded with no specific facts allowing an inference that a confidential relationship existed, nor did he present facts that contradict those established by defendant. Hence, the record reveals the absence of an essential element of the claim for breach of fiduciary duty.

In the final analysis, regardless of whether the trial court analyzed plaintiff's claim for breach of fiduciary duty as a motion to dismiss or a motion for summary judgment, the trial court's finding that plaintiff failed to allege sufficient facts to establish a fiduciary relationship was proper. Accordingly, we overrule plaintiff's first assignment of error.

Plaintiff's second assignment of error asserts that the trial court erred in granting defendant's motion for summary judgment as genuine issues of material fact existed.

■ Pursuant to Civ.R. 56, defendant herein has the burden of demonstrating that no genuine issue exists as to any material fact with regard to the critical issues presented. *Harless v. Willis Day Warehousing Co.* (1978), 54 Ohio St.2d 64, 66, 8 O.O.3d 73, 74, 375 N.E.2d 46, 47. Civ.R. 56(E) further provides that:

" * * * When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleadings, but his response, by affidavit or as otherwise provided in this rule, must set forth *specific facts* showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him." (Emphasis added.) See, also, *Savransky v. Cleveland* (1983), 4 Ohio St.3d 118, 119, 4 OBR 364, 365, 447 N.E.2d 98, 99.

Thus, defendant's motion for summary judgment properly is granted unless, in response to defendant's properly supported motion for summary judgment, plaintiff satisfies his burden of presenting specific facts showing that genuine issues of material fact exist. In reviewing the trial court's grant

of summary judgment, we again consider the affidavits and depositions submitted by the parties in addition to the pleadings. Civ.R. 56(C).

Preliminarily, we note that the elements of fraud are: (1) a representation, or, where there is a duty to disclose, concealment of a fact; (2) that is material to the transaction at hand; (3) made falsely, with knowledge of its falsity; (4) with the intent of misleading another into relying upon it; (5) justifiable reliance upon the representation or concealment; and (6) a resulting injury caused by the reliance. *Burr v. Stark Cty. Bd. of Commrs.* (1986), 23 Ohio St.3d 69, 23 OBR 200, 491 N.E.2d 1101, paragraph two of the syllabus.

All of plaintiff's fraud claims are based upon defendant's failure to disclose a material fact. Nondisclosure of a material fact constitutes fraud only when defendant has a duty to disclose such a fact. *Miles v. McSwegin* (1979), 58 Ohio St.2d 97, 99, 12 O.O.3d 108, 109, 388 N.E.2d 1367, 1368; *Starinki v. Pace* (1987), 41 Ohio App.3d 200, 203, 535 N.E.2d 328, 331. While a fiduciary relationship gives rise to a duty to disclose, the trial court properly found that plaintiff's fiduciary duty claim failed when tested under the Civ.R. 56 summary judgment standard. Thus, defendant's duty to disclose, if any, must arise from other than a fiduciary relationship with plaintiff.

As noted above, defendant presented affidavits from both Zill and Dobrovir that the Fund did not refer plaintiff to Dobrovir, hire Dobrovir to represent plaintiff, or attempt to interfere in Dobrovir's conduct of the *Weinberger* litigation, and that the Fund's sole relationship with plaintiff was its funding grant to Dobrovir to cover part of the cost of the *Weinberger* litigation. In response to defendant's affidavits, plaintiff again presented no specific facts that allow an inference that defendant had a duty to disclose those matters plaintiff asserts defendant should have disclosed. A grant of funds by a nonprofit public interest organization does not, by itself, impose a duty to disclose upon the organization in favor of the beneficiary of such funds.

Accordingly, plaintiff has not met his burden of responding to defendant's evidence with specific facts showing that genuine issues of material fact exist. Absent evidence of a duty to disclose, reasonable minds can come only to a conclusion adverse to plaintiff; thus the trial court properly granted summary judgment on the fraud claims.

Moreover, the trial court's grant of summary judgment was proper even if defendant owed plaintiff a duty to disclose because reasonable minds considering the evidence before the trial court could conclude only that plaintiff did not justifiably rely on defendant's nondisclosures. As to the first nondisclosure, plaintiff alleges that genuine issues of material fact exist as to

whether defendant defrauded him by failing to inform him that the *Weinberger* trial was scheduled to be held in Ohio on June 14, 1982.

The parties do not dispute that defendant did not notify plaintiff of the trial date and location; rather, they dispute whether plaintiff justifiably relied on defendant's nondisclosure. In response to defendant's affidavit from Zill that the Fund owed no fiduciary duty to plaintiff and its affidavits from both Dobrovir and Zill that the Fund was not involved in either the selection of Dobrovir as plaintiff's counsel or Dobrovir's conduct of the *Weinberger* litigation, plaintiff has presented no specific facts to either contradict the facts established by defendant or provide any other basis for his justifiable reliance. To the contrary, plaintiff's own affidavit that he did not learn of Dobrovir's association with the Fund as its Honest Government Project Director until September 17, 1985, several years after the *Weinberger* litigation was settled, indicates that plaintiff did not rely at all upon defendant to remedy alleged shortcomings in Dobrovir's performance.

As to the second nondisclosure, plaintiff alleges that defendant defrauded him by appointing and paying counsel associated with the Fund to represent him in the *Weinberger* litigation, knowing that this counsel would not provide effective assistance. The parties do not dispute that Dobrovir was associated with the Fund as project director of its honest government project, that the Fund provided grants to cover part of the cost of the *Weinberger* litigation, and that defendant failed to inform plaintiff that Dobrovir's counsel was or would be ineffective. The parties disagree as to whether the Fund appointed plaintiff's counsel; however, the essence of their dispute is whether plaintiff justifiably relied on defendant to inform him of Dobrovir's competence. Defendant presented affidavits from both Dobrovir and Zill that the Fund did not refer plaintiff to Dobrovir or hire Dobrovir to represent him. In response to defendant's affidavits, plaintiff presented no specific facts that allow an inference that he justifiably relied on defendant to assess the skill of his counsel.

Rather, plaintiff's affidavit merely states that the D.C. Bar Referral Services was not the source of the referral. Plaintiff's affidavit and deposition further support the absence of justifiable reliance, indicating not only that plaintiff was unaware of Dobrovir's association with the Fund for some time after the *Weinberger* litigation was settled, but also that, prior to settlement, plaintiff had become so dissatisfied with Dobrovir's performance based on his own experience that he considered terminating Dobrovir's representation. Absent justifiable reliance, reasonable minds can come only to a conclusion adverse to plaintiff; thus the trial court properly granted summary judgment on the fraud claims.

Accordingly, the trial court's grant of summary judgment was proper because, in response to defendant's properly supported motion for summary judgment, plaintiff presented no specific facts showing that there was a genuine issue as to any material fact, and defendant was entitled to judgment as a matter of law. We therefore overrule plaintiff's second assignment of error.

Having overruled plaintiff's two assignments of error, we affirm the judgment of the trial court.

*Judgment affirmed.*

REILLY, P.J., and JOHN C. YOUNG, J., concur.