OPINION
Plaintiff, Donald Dick, appeals from a judgment of the Franklin County Court of Common Pleas, which granted a motion by defendant, The Columbus Athenaeum, Ltd., to dismiss plaintiff's complaint pursuant to Civ.R. 12(B)(6).
On April 7, 1998, plaintiff filed a complaint against defendant. By his complaint, plaintiff alleged that he was one of the original investors in defendant, a limited liability company formed to purchase and renovate the former Masonic Temple building located at 32 North Fourth Street in Columbus, Ohio. On August 29, 1996, plaintiff transferred his interest back to defendant and, in exchange, received the amount of his original investment plus interest. As part of this transfer, plaintiff and defendant entered into an Option Agreement, which, upon the occurrence of certain events, gave plaintiff the right to purchase the Athenaeum building and its contents. The Option Agreement, a copy of which was attached to plaintiff's complaint pursuant to Civ.R. 10(D), provides in pertinent part, as follows:
 The events giving rise to the right of Don Dick to exercise said option are:
 The Company has not, by December 31, 1997, obtained loans totaling an amount which, together with the Company's equity, equals the cost of acquiring and rehabilitating the Columbus Athenaeum; or
 Before the Company obtains loans totaling an amount which, together with the Company's equity, equals the cost of acquiring and rehabilitating the Columbus Athenaeum, (a) the Company shall become bankrupt, or (b) Mark Aalyson or Julie Johnson shall decide to reduce their respective $337,500 or $75,000 interests in the Columbus Athenaeum, Ltd.
The Option Agreement further provided that the cost of rehabilitating the building must be at least equal to defendant's cost basis for the building, i.e., $1,075,000. The agreement further provided that upon the occurrence of either of the two foregoing conditions, plaintiff would have the option to purchase the building and contents at a purchase price equal to defendant's acquisition cost for the building and contents.
Plaintiff's complaint averred that the right to exercise the option was triggered by two events: (1) defendant's failure to expend the required sum in rehabilitating the building prior to December 31, 1997; and (2) Julie Johnson's sale or reduction of her ownership interest in the company prior to December 31, 1997. The complaint further averred that plaintiff served notice of his intention to exercise the option upon Mark Aalyson, defendant's president and statutory agent. When defendant did not respond to plaintiff's notice, plaintiff filed a complaint alleging breach of contract and seeking a declaratory judgment regarding his rights under the Option Agreement.
On May 6, 1998, defendant filed a motion to dismiss, or the alternative, a motion for summary judgment. Defendant argued that because both of the circumstances giving rise to plaintiff's right to exercise the option to purchase the Athenaeum had been foreclosed, the "plain language of the Option Agreement demonstrates that plaintiff's option to purchase never became effective," and, therefore, plaintiff's complaint failed to state a claim upon which relief could be granted. In support of the motion, defendant submitted the affidavit of Mark Aalyson, defendant's president. In his affidavit, Aalyson stated that on May 8, 1997, defendant obtained a $1.8 million loan from Perpetual Federal Savings Bank and a $300,000 loan from the city of Columbus. A copy of the mortgage securing the $1.8 million loan was attached to the affidavit as Exhibit 1. Aalyson also stated in the affidavit that defendant had never been either bankrupt or the subject of bankruptcy proceedings. The affidavit also referenced a letter from defendant's accountant to plaintiff's attorney certifying the capital contributions of both Aalyson and Julie Johnson ($393,750 and $87,500, respectively) and the company's equity ($875,000) as of May 8, 1997. (Exhibit 2.) Also attached to the affidavit were copies of several letters exchanged between the parties regarding whether plaintiff's right to exercise the option expired on May 8, 1997, when defendant obtained the $1.8 million loan. (Exhibits 3, 4, 5, 6 and 7.)
On May 26, 1998, plaintiff filed a memorandum in opposition to defendant's motion to dismiss or, in the alternative, motion for summary judgment. Attached to plaintiff's memorandum in opposition was the affidavit of plaintiff's counsel, Carl B. Fry, along with copies of two letters from Mr. Fry to defendant's counsel (Exhibits A and B). In addition, the memorandum in opposition contained the affidavit of plaintiff, along with a copy of a letter written by plaintiff to Mark Aalyson (Exhibit C). On June 5, 1998, defendant filed a reply memorandum.
On August 19, 1998, the trial court filed a decision granting defendant's motion to dismiss. The decision was formalized by a final judgment entry dated September 8, 1998.
On appeal, plaintiff advances two assignments of error for review:
 1. The trial court erred by granting Appellee's Motion to Dismiss, or in the Alternative, Motion for Summary Judgment because the Complaint and Option Agreement did not provide an insuperable bar to relief.
 2. The trial court erred in granting Appellee's Motion to Dismiss because it considered evidence outside of the pleadings in ruling on the Motion to Dismiss.
Plaintiff's first assignment of error raises arguments regarding the merits of the instant action. However, we find it necessary to first address the second assignment of error, in which plaintiff challenges the manner in which the trial court granted defendant's motion to dismiss.
As noted previously, defendant filed a motion to dismiss or, in the alternative, a motion for summary judgment on the basis that plaintiff's right to exercise the option was extinguished because defendant neither went bankrupt nor did the other investors in the project reduce their capital contributions prior to the time defendant timely obtained the financing necessary to acquire and rehabilitate the building. The trial court agreed with defendant's contention and stated in part that "*** neither the Company's bankruptcy or any reduction in the parties' investment interest took place prior to the Company's acquisition of the loan on May 7, 1997, therefore Plaintiff's right to the option was extinguished. ***" (Decision at 5.)
A motion to dismiss under Civ.R. 12(B)(6) for failure to state a claim upon which relief can be granted generally will be granted only when the plaintiff would be unable to prove any set of facts that would entitle him to relief. O'Brien v. UniversityCommunity Tenants Union, Inc. (1975), 42 Ohio St.2d 242, syllabus. In ruling on a motion to dismiss, the trial court must limit its review to the averments set forth in the complaint, must interpret all material allegations in the complaint as true and must make all reasonable inferences in favor of the nonmoving party. York v.Ohio State Highway Patrol (1991), 60 Ohio St.3d 143, 144, citingMitchell v. Lawson Milk Co. (1988), 40 Ohio St.3d 190. Where a claim is founded upon some written instrument and a copy thereof is attached to the complaint in accordance with Civ.R. 10(D), the court may review the instrument along with the complaint, but must avoid interpreting the instrument at that pre-trial stage unless it is so clear and unambiguous on its face that the court can determine to a certainty that the plaintiff would be entitled to no relief under any provable set of facts. Slife v. KundtzProperties, Inc. (1974), 40 Ohio App.2d 179.
Upon review of the trial court's decision, it is clear that the court considered materials other than the complaint and the Option Agreement in granting defendant's motion. Specifically, on page two of its decision, the court refers to the affidavit of defendant's president, Mark Aalyson, the $1.8 million mortgage loan obtained by defendant (Exhibit 1), and the letter from defendant's accountant to plaintiff's attorney certifying Johnson and Aalyson's capital contributions (Exhibit 2).
Defendant argues that the trial court's consideration of materials other than the complaint and the Option Agreement was immaterial because plaintiff was on notice that the trial court could consider defendant's motion as one for summary judgment, defendant having captioned the motion as a motion to dismiss or, in the alternative, for summary judgment. In support of this contention, defendant relies on this court's decision in Applegatev. Fund for Constitutional Govt. (1990), 70 Ohio App.3d 813. The defendant in Applegate filed a motion to dismiss or, in the alternative, a motion for summary judgment and attached evidentiary materials. The plaintiff responded with countervailing evidentiary materials. The trial court granted summary judgment to the defendant without notifying the plaintiff that it was treating the motion as one for summary judgment, rather than as a motion to dismiss. The plaintiff argued that the trial court erred in granting summary judgment without providing the proper notice. This court disagreed, finding that the "in the alternative" styled motion provided all the notice necessary to the plaintiff because, on its face, it constituted both a motion to dismiss and a motion for summary judgment; accordingly, notice of the fact that the trial court was treating the motion as one for summary judgment was unnecessary because the plaintiff was aware of the dual nature of the motion and had responded with countervailing affidavits. This court, therefore, concluded that the trial court had not erred in granting the defendant's motion for summary judgment.
Unlike Applegate, the trial court in the instant case did not treat defendant's motion as one for summary judgment. Rather, the trial court expressly dismissed plaintiff's action pursuant to defendant's motion to dismiss. The trial court's August 19, 1998 decision is captioned "Decision Granting Defendant's Motion to Dismiss Filed on May 6, 1998," and is footnoted as follows:
 Defendant filed a motion to dismiss, or in the alternative, motion for summary judgment. The Court will analyze the Defendant's motion as a motion to dismiss. The matter presented can be decided based upon factual allegations in the Complaint and the copy of the Option Agreement attached to the pleading. Defendant's motion to dismiss did not refer to any matters outside the pleadings which would require the Court to convert the 12(B)(6) motion to a 56(C) motion.
As noted previously, however, the court clearly considered materials outside the complaint and the Option Agreement. Based upon the trial court's consideration of these materials, we cannot conclude that the outcome would have been the same had the court properly applied the Civ.R. 12(B)(6) standard. To the extent that the trial court considered materials outside the complaint and the Option Agreement, plaintiff's contention that the trial court erred in granting defendant's motion to dismiss is well-taken. Accordingly, the second assignment of error is sustained.
Having sustained plaintiff's second assignment of error, the issues raised in plaintiff's first assignment of error are moot and will not be addressed. App.R. 12(B).
For the foregoing reasons, plaintiff's second assignment of error is sustained, rendering the first assignment of error moot. The judgment of the Franklin County Court of Common Pleas is reversed, and this cause is remanded to that court for further proceedings in accordance with law and consistent with this opinion.
Judgment reversed and cause remanded.
BROWN, J., and LAZARUS, P.J., concur.