OPINION
{¶ 1} On March 30, 2004, appellees, Keith and Jill Nichols, filed a complaint against appellants, Tim and Deborah Petroff, claiming fraud relating to the sale of a home by appellants to appellees. The fraud claim alleged failure to disclose and intentional concealment of defects to wit: water leakage in the basement and plumbing problems.
 {¶ 2} A trial was held on July 7, 2004. By findings of fact, conclusions of law and judgment entry filed July 29, 2004, the trial court found active concealment regarding the basement water leakage on the part of appellants, and awarded appellees $7,408.00. The trial court found no active concealment regarding the plumbing problems.
 {¶ 3} Appellants filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:
 I {¶ 4} "The trial court's failure to apply the doctrine of caveatemptor to the appellee's purchase of the real property at issue in this matter, was against the manifest weight of the evidence and constitutes reversible error."
 II {¶ 5} "The trial court's findings that the appellants (sellers of the real property at issue in this matter) having painted the basement walls and floor in such close proximity to the time of sale of the real property constituted an active concealment of water leaking into the basement, was against the manifest weight of the evidence and constitutes reversible error."
 {¶ 6} Appellees filed a cross-appeal and assigned the following error:
 CROSS-ASSIGNMENT OF ERROR I {¶ 7} "The trial court's failure to award punitive damages and attorney's fees to the appellees/cross-appellants constitutes reversible error."
 I, II {¶ 8} Appellants' two assignments of error challenge the trial court's decision that there was active concealment of a defect. The first assignment claims caveat emptor applies sub judice and the second assignment claims the trial court's decision was against the manifest weight of the evidence. We will address the assignments jointly as they center on the issue of active concealment.
 {¶ 9} A judgment supported by some competent, credible evidence will not be reversed by a reviewing court as against the manifest weight of the evidence. C.E. Morris Co. v. Foley Construction Co. (1978),54 Ohio St.2d 279. A reviewing court must not substitute its judgment for that of the trial court where there exists some competent and credible evidence supporting the judgment rendered by the trial court. Myers v.Garson, 66 Ohio St.3d 610, 1993-Ohio-9. We note the weight to be given to the evidence and the credibility of the witnesses are issues for the trier of fact. State v. Jamison (1990), 49 Ohio St.3d 182, certiorari denied (1990), 498 U.S. 881.
 {¶ 10} The doctrine of caveat emptor "precludes recovery in an action by the purchaser for a structural defect in real estate where (1) the condition complained of is open to observation or discoverable upon reasonable inspection, (2) the purchaser had the unimpeded opportunity to examine the premises, and (3) there is no fraud on the part of the vendor. * * *" Layman v. Binns (1998), 35 Ohio St.3d 176, syllabus. A seller "has a duty to disclose material facts which are latent, not readily observable or discoverable through a purchaser's reasonable inspection." Id. at 178, citing Miles v. McSwegin (1979), 58 Ohio St.2d 97. Fraudulent concealment occurs "where a lessor or vendor fails to reveal to a lessee or vendee sources of peril of which he is aware and which are not discoverable by the lessee or vendee." Klott v. Associates RealEstate (1974), 41 Ohio App.2d 118, 121.
 {¶ 11} In its Conclusions of Law, the trial court found "that the Sellers painting of the basement walls and floor in such close proximity to the time of sale to be an active concealment of the water leakage defect." From our review of the record, we find sufficient evidence to support such a finding.
 {¶ 12} Numerous photographs were presented as evidence. These photographs showed what appellees discovered less than two months after they took possession: mold behind cabinets, mold in the corners of the basement and mold high up on a wall. T. at 9-13, 23-24. Appellees' expert, Chester Humphreys, testified the water leakage problems and the resulting mold developed over years, and were not the result of a one time incident wherein the water heater broke and flooded the basement, disclosed by appellants and offered as a reason for the mold. T. at 32, 38, 50, 57.
 {¶ 13} Appellants both testified the basement was never wet, and they offered the testimony of two friends as corroboration. T. at 51, 64-65, 71, 74.
 {¶ 14} The trial court, as the trier of fact, was presented with two alternative reasons for the water stains and mold. The trial court chose to believe the purchasers, appellees, and their expert, as opposed to appellants. There is no dispute that portions of the walls were freshly painted. T. at 53. The trial court found appellees' reason for the painting was concealment as opposed to appellants' sprucing up theory.
 {¶ 15} In Myers, supra, we are reminded it is not the duty or prerogative of a reviewing court to pass on disputed facts or credibility issues. With this in mind, we find sufficient evidence, if believed as credible by the trial court, to support the trial court's conclusion of active concealment, thereby defeating the doctrine of caveat emptor.
 {¶ 16} Assignments of Error I and II are denied.
 CROSS-ASSIGNMENT OF ERROR I {¶ 17} Appellees claim the trial court erred in not awarding punitive damages and attorney's fees as a result of the fraud. We disagree.
 {¶ 18} In Preston v. Murty (1987), 32 Ohio St.3d 334, syllabus, the Supreme Court of Ohio held the following:
 {¶ 19} "Actual malice, necessary for an award of punitive damages, is (1) that state of mind under which a person's conduct is characterized by hatred, ill will or a spirit of revenge, or (2) a conscious disregard for the rights and safety of other persons that has a great probability of causing substantial harm."
 {¶ 20} The parties had minimal contact with each other, and appellants were never specifically questioned on a wet basement or the reason for the painting of the basement. Upon review, we find no evidence of malice.
 {¶ 21} Cross-Assignment of Error I is denied.
 {¶ 22} The judgment of the Canton Municipal Court of Stark County, Ohio is hereby affirmed.
By Farmer, J. Gwin, P.J. and Wise, J. concur.
 JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Canton Municipal Court of Stark County, Ohio is affirmed.